(92 South. 860)

No. 25219.

## MACON RIDGE HIGHWAY DIST. SUPERVISING BOARD v. POLICE JURY OF WEST CARROLL PARISH.

(June 22, 1922.)

*(Syllabus by Editorial Staff.)*

**Mandamus** ⬤═147—**Supervising board of road district without authority to maintain mandamus proceeding.**

Under Act No. 30 of 1917, conferring the governing authority over road districts on police juries, section 4, providing for the appointment of a supervising board, such a supervising board has no authority in its corporate or representative capacity to maintain mandamus proceedings against the police jury to compel the repeal of a resolution dispensing with the services of a draftsman and inspector.

Appeal from Seventh Judicial District Court, Parish of West Carroll; John R. McIntosh, Judge.

Mandamus by the Macon Ridge Highway District Supervising Board against the Police Jury of West Carroll Parish. From a judgment sustaining an exception, the petitioner appeals. Affirmed.

M. H. O'Connell and R. V. Reeves, both of Oak Grove, for appellant.

C. J. Ellis, of Rayville, and D. J. Anders, of Oak Grove, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. This is a proceeding by mandamus to compel the police jury to repeal or rescind a resolution dispensing with the services of a draftsman in the office of the engineer of the Macon Ridge highway district, and dispensing with the services of an inspector of the highway. It is said in the briefs filed on behalf of the plaintiff, appellant, that the draftsman and the engineer, whom the police jury discharged, had been employed by the plaintiff, supervising board. But there is no such allegation in plaintiff's petition. The defendant, police jury, filed exceptions to the suit, contending: (1) That the plaintiff, supervising board, was not a corporation, and had no authority to sue or be sued; (2) that the board was only an agent or agency for the police jury, the latter being the governing authority of the highway district; (3) that the petition did not disclose a cause or right of action, because of the failure to allege that the men who were discharged had been employed by the board; and (4) that the only persons who might have a right to complain of the discharge of the draftsman and engineer were the individuals who were discharged. The district judge dismissed the suit, maintaining, as he correctly described it, "the exception as to want of authority on the part of plaintiff to prosecute this suit."

By Act 199 of 1916, p. 448, the governing authority over each road district was conferred upon the board of supervisors of the district. The board was declared to be a political or public corporation, with authority to sue and be sued, and to exercise all other ordinary powers of a corporation. By the Act 30 of 1917, p. 43, the governing authority over road districts was conferred upon the police juries of the parishes, respectively. The police jury is, by the statute, termed "the board of administrators or the governing authority of the road districts created in their respective parishes." Section 4 of the statute declares that, on a request of half or more of the property owners residing in a road district, the police jury shall appoint a supervising board, composed of not less than three nor more than five property owners. In that section alone does the statute define the authority of the supervising board, viz.: After a bond issue or road tax has been

voted, the supervising board has authority to provide specifications for road construction, to locate roads, to call for bids, to let contracts for road construction, and to supervise the construction. The supervisors are declared to be the agents of the police jury in all matters pertaining to road construction in their district. They are required to elect one of their members as chairman and another as secretary of the board, who must serve without pay. The board is required to meet once a week during road construction, but only on the call of the chairman thereafter, and then the board's authority extends only to the making of recommendations to the police jury for the proper maintenance and repair of the roads. The board is required, during road construction, to approve all estimates of work before payment is made by the police jury, and the latter is required to recognize and approve the contracts let by the supervising board, "unless attackable for fraud or its equivalent, or unless attackable on legal grounds."

In the statute of 1917, under authority of which the plaintiff supervising board was appointed the Legislature has studiously withheld from the boards the authority to sue or be sued, or to exercise any of the powers that are usually conferred upon public or political corporations. The boards are not now, as they were under the statute of 1916, public or political corporations. Being mere agents or agencies of the so-called "board of administrators or governing authority" of the road districts, the supervising boards have only such limited authority as is specified in the statute that created them. They have no authority to institute lawsuits, in a corporate or representative capacity, with regard to matters in which they serve only as agents or agencies of the political corporation that is invested with the governing authority.

The judgment appealed from is affirmed.