RALPH S. BAUER & others *vs.* ROBERT MITCHELL & others.

Essex.    November 16, 1923. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Suit by one public board against another to define their respective authorities. *Independent Agricultural School of the County of Essex. Equity Pleading and Practice,* Bill, Parties, Amendment after rescript, Appeal.

The county of Essex is a necessary party to a suit in equity by four of the seven trustees of the Independent Agricultural School of the County of Essex against three county commissioners of that county, who by virtue of their office constituted three of the remaining trustees of the school and who also constituted the board of trustees of the tuberculosis hospital of the county of Essex, to enjoin the defendants from discharging or causing

to be discharged the sewage of such hospital into or upon land, conveyance of which to the Inhabitants of the County of Essex the trustees of the agricultural school had caused to be made under authority conferred upon them by St. 1912, c. 587; and a demurrer to a bill on the ground of failure to join the county as such party must be sustained.

A demurrer to the bill above described was overruled and the defendant appealed. The suit afterward was heard by a master. There were no exceptions to the master's report. By order of the court the suit was dismissed upon grounds other than nonjoinder of the county of Essex, and the plaintiff appealed. *Held,* that in this court the case should be considered on the footing that an amendment joining the county of Essex as a party had been made.

It is a necessary implication from the powers conferred upon the trustees of the Independent Agricultural School of the County of Essex by St. 1912, c. 587, that the general care and control of real estate, conveyance of which to the Inhabitants of the County of Essex had been obtained by the trustees under the authority given by the statute, was vested in the trustees of the school; and the county commissioners were not given such powers over the school property by G. L. c. 34, § 14.

The real estate conveyed to the county of Essex under St. 1912, c. 587, was appropriated to the one public use of the maintenance of that particular school, and the appropriation of any portion of such real estate by the county commissioners as trustees of the tuberculosis hospital of the county, against the protest of the trustees of the school, for the purpose of constructing and maintaining thereon cesspools and filter beds with connecting drains to afford treatment and disposal of the sewage of the hospital, was without legal right.

Individuals constituting a majority of the trustees of the Independent Agricultural School of the County of Essex have no authority to institute a suit in equity against the county commissioners of the county of Essex who, by reason of their office, are constituted a minority of the trustees of the school and also are trustees of the tuberculosis hospital of the county, to enjoin the use by the defendants for the purposes of the hospital of land, the title to which is in the county and which, under St. 1912, c. 587, is appropriated to the sole purposes and use of the plaintiff's school.

BILL IN EQUITY, filed in the Superior Court on February 8, 1922, and afterwards amended, by Ralph S. Bauer, Justin E. Varney, George C. Thurlow and George W. Creesy " as Trustees of the Essex County Agricultural School," against Robert Mitchell, Raymond H. Trefry and Frederick Butler " as County Commissioners of the said county of Essex and also as Trustees of the Essex County Tuberculosis Hospital," seeking to enjoin the defendants from discharging or causing to be discharged sewage of such hospital upon land, conveyance of which " to the Inhabitants of the County of Essex " had been obtained by " the trustees of the Independent

Agricultural School of the County of Essex under authority conferred by St. 1912, c. 587."

The defendants demurred to the bill upon the ground, among others, that the county of Essex was a necessary party and should be joined. The demurrer was heard by *Cox*, J., who made an order overruling it, from which the defendants appealed.

The suit was referred to a master, who filed a report and a supplemental report. Material facts found by the master are described in the opinion. There were no exceptions to the reports. The suit was heard upon the pleadings and the reports by *Dubuque*, J., who filed the following statement of his decision:

"1. There is no express provision defining the powers of the plaintiffs as Trustees of the Essex County Agricultural School under which they are appointed and act by virtue of St. 1912, c. 587; see G. L., c. 74, §§ 25 to 38 inclusive. Such powers may be implied only for the necessary carrying of the act.

"2. The defendants, commissioners of Essex County, claim to have acted under St. 1916, c. 297 in securing land, building a tuberculosis hospital and a sewerage system and sewage disposal plant therefor; and also under their general powers as County Commissioners which gives them authority to act 'in cases where not otherwise expressly provided;' G. L., c. 34, § 14.

"3. Under the facts found by the master; in view of the great and disproportionate expense to be placed on the county of Essex in removing the Tubercular Hospital sewage disposal plant, and the harmlessness thereof, so far as all practical purposes of the Essex County Independent Agricultural School are concerned, in the exercise of a sound judicial discretion in granting relief by injunction, I do not think it would be equitable to grant the plaintiffs the relief asked for; independent of the question whether technically they may claim such relief as to which I rule that they do not have the right."

By order of the judge, there were entered an interlocutory decree confirming the master's reports and a final decree

dismissing the bill without costs. The plaintiffs appealed from the final decree.

*A. X. Dooley,* for the plaintiffs.

*J. J. Ronan,* for the defendants.

RUGG, C.J. This suit in equity is brought in their individual names by four of the seven trustees of the Independent Agricultural School of the county of Essex (hereinafter called the school) against the three county commissioners of the county of Essex who are the three remaining trustees of the school and who also constitute the board of trustees of the tuberculosis hospital of the county of Essex (hereafter called the hospital), being both such trustees by virtue of their office as county commissioners of the county of Essex.

The salient facts alleged in the bill are that the school was established under the provisions of St. 1912, c. 587, for the purpose of affording instruction in agriculture, and that to enable the execution of that object a large tract of land was in 1913 bought in fee free from all conditions in the name and with moneys of the county of Essex, which was appropriated to the uses of the school, all under the direction, management and control of the trustees of the school. Another parcel of land adjacent to the school land was taken by eminent domain by the county of Essex and a tuberculosis hospital was built and is being maintained thereon under the provisions of St. 1916, c. 286. The defendants, without the consent or knowledge of the plaintiffs and without right, have entered upon a portion of the land bought and used for the school, for the purpose of constructing and maintaining thereon cesspools and filter beds with connecting drains to afford treatment and disposal of the sewage of the hospital, to the irreparable damage of the school, and the defendants refuse to remove or to cease the use of the same.

The defendants demurred to the bill on divers grounds. The only ground now argued is that the county of Essex is a necessary party to these proceedings. The demurrer must be sustained on that ground. The legal title to all land and property used in connection with the school is in the county of Essex. The same is true of all land and

property used in connection with the hospital. All expenses and costs both direct and remote which might arise in the course of righting the wrongs of which the plaintiffs complain must be paid by the county of Essex. The remedy to be afforded for such alleged wrongs also affects solely the county of Essex. The filter beds and drains are constructed upon land of the county of Essex. Those constructions are designed only for the use and benefit of other property of the county of Essex. Manifestly, the county of Essex in the capacity of owner of all property directly and indirectly concerned in the subject matter of the bill is a necessary party to this proceeding. Its property interests alone are concerned. Obviously, where the sole financial aspects of a suit relate to a party, that party is essential to an adjudication of the issues of such suit. *Allen* v. *Turner*, 11 Gray, 436. *Taunton* v. *Taylor*, 116 Mass. 254. *Welch* v. *Boston*, 211 Mass. 178, 186.

Although service of process in proceedings to which a county is defendant commonly must be made on the county treasurer, G. L. c. 223, § 37, yet the county commissioners are by statute authorized to represent the county. G. L. c. 34, § 14. The individuals composing the county commissioners of the county of Essex are named as defendants in this suit. The case has been heard at length before a master and by a judge upon confirmation of his report and for entry of final decree. The facts seem to have been fully developed. While it would have been appropriate for the county to be represented by counsel, different from those representing the trustees of the hospital, we cannot see that substantial rights have been affected. Bringing in the county of Essex as a party would seem to be a formal matter. Therefore, amendment may be allowed making the county of Essex a party. *Worcester Board of Health* v. *Tupper*, 210 Mass. 378, 383.

The case is considered on the footing that such amendment is made. The findings of the master in the absence of a report of the evidence must be accepted as true unless mutually repugnant or contradictory and plainly wrong.

*Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. Those findings so far as material, in addition to the undisputed facts set forth in the bill, are that the land bought in fee by the county of Essex for the school comprises about one hundred and fourteen acres. This property has been improved and enlarged by the alteration of existing and the construction of new buildings, so that at the times here in question it was the site of a large and growing school for the youth of both sexes. The acquirement, construction and maintenance of this property has involved large expenditures of money made exclusively for the purposes of the school. The conveyance of the land was obtained by the trustees of the school solely for purposes of the school, and its location and extent determined by them to that end with the approval of the State board of education.

The cost of the hospital has been approximately $1,500,-000, and a considerable number of patients are there treated constantly. Apparently some system of sewage disposal is essential to the valuable use of the hospital. The filter bed system of the hospital occupies about three acres of the land purchased for the school. It had been to some extent under cultivation for school purposes. It is located about two thousand feet from the school buildings on a remote, rough and gravelly portion of the school farm. At times an odor comes from the filter beds offensive to those at work near by, but few people are likely to be affected. Interference with ice production for the school is so slight as to be negligible. The plaintiffs had no actual knowledge of the construction of the sewerage system, although reasonably active oversight by them would have disclosed it. On the other hand, the defendants in doing this work resorted to the use and occupation of land acquired by the county under the statute for the school without the consent or knowledge of the school trustees, and a very large part of that use and occupation, being that for filter purposes, with full knowledge of the objections of the plaintiffs. Before the construction of the filter beds, which were to take the place for sewage purification of previously constructed

cesspools, a formal resolution of protest to the whole work was passed by the trustees of the school, the plaintiffs and the county commissioners being present.

The general care and control of the school property is vested in the trustees of the school. Although there is no express provision to that effect in St. 1912, c. 587, such is the necessary implication of the powers conferred upon the trustees. They are not constituted a corporation but their function as public officers of the county gives them that control. The general supervision and control of county property vested by G. L. c. 34, § 14, in the county commissioners does not give them these powers over the school property. It would be incompatible with the broad duties imposed by the statute on the trustees of the school to permit the county commissioners to have dominating control of the property devoted to the school. Such construction of the two statutes would or might involve constant conflict of authority between two boards of county officers. Moreover, the county commissioners as trustees of the school possess the influence in the control and management of the school property thought by the Legislature requisite for harmonious administration and due regard to the point of view naturally represented by the county commissioners. The land in question was bought solely for the school under the definite provisions of a statute enacted with single reference to this particular school. The land thus was appropriated to this one public use. While all private rights in the land were extinguished by the acquisition of an unconditional title in fee, the public rights as thus defined were single, not general. The appropriation by the county commissioners as trustees of the hospital of land bought for and dedicated to the uses of the school against the protest of the trustees of the school was without legal right. Explicit legislation to that end would have been necessary before such authority could have been exercised. *Higginson* v. *Treasurer & School House Commissioners of Boston,* 212 Mass. 583, 591.

The plaintiffs, however, are members of a public board acting for the county of Essex within a restricted sphere. They are not clothed with authority to litigate with the

county commissioners conflicting contentions respecting the land in question. Doubtless with reference to third persons on school land they may have possessory powers of an important nature. *Trustees of State Lunatic Hospital* v. *County of Worcester*, 1 Met. 437. *Hawkins* v. *County Commissioners*, 2 Allen, 254. *Fitzgerald* v. *Lewis*, 164 Mass. 495. No express power to institute litigation of this nature is conferred by the statute. Implied powers essential to the exercise of their duties over the school do not carry them to this extent. Plain and unequivocal statutory words or imperative public necessity would be required to authorize one public board to institute a suit in equity against another public board of the same public corporation to adjust conflicting contentions as to the boundaries of their respective powers. *Sinclair* v. *Mayor of Fall River*, 198 Mass. 248. *Fowler* v. *Brooks*, 188 Mass. 64. *Chelsea* v. *Treasurer & Receiver General*, 237 Mass. 422, 432. *Steele* v. *Municipal Signal Co.* 160 Mass. 36. *Prince* v. *Crocker*, 166 Mass. 347, 358. We are of opinion in the case at bar that the plaintiffs are not authorized to institute proceedings in equity against the defendants or the county of Essex with respect to the cause of action set forth in the bill and shown by the master's report. *Day* v. *Greenfield*, 234 Mass. 31. Other questions raised need not be considered.

*Decree reversed. Demurrer sustained..*

*Leave granted to amend by adding the county of Essex as a party defendant. If and when such amendment is made, decree to be entered dismissing bill on the ground that the plaintiffs have no right to maintain the bill.*