## Board of Education of Boyd County et al. v. Trustees of Buena Vista School, Subdist. No. 30.

(Decided Nov. 20, 1934.)

H. F. PRICE for appellants.

SAM SPARKS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Ken Adkins, Charles Adams, and James McCalvin, as trustees for the Buena Vista School, subdistrict No. 30 in Boyd county, instituted this action against the county board of education of Boyd county, the individual members thereof, and L. C. Caldwell, superintendent of schools of that county, and, after formal allegations as to their election, qualifications, etc., alleged in substance that about the year 1928 the Straight creek school subdistrict 28 in Boyd county was abolished by order of the county board of education, and the boundary of the Buena Vista subdistrict was so extended as to include all territory formerly embraced in the Straight creek sub-district; that thereafter a school building was erected on Straight creek near the mouth of the Buena Vista fork, and that the only school maintained in the Buena Vista subdistrict is in this school building; that, in the exercise of their duty as subdistrict trustees,

plaintiffs made a careful survey thereof and the conditions pertaining thereto, and found that a large number of pupil children of elementary grades residing therein lived too far from the school building to walk to school, some of them residing more than 3 miles from the school building; that the roads in the subdistrict leading to the school cross and recross creeks, and that in the event of high water such crossings are dangerous; that the conditions of the roads are such in bad weather as to render it impracticable to attempt to transport children to or from the school as now maintained, and that transportation could only be effected by horse drawn vehicle; that, because of such conditions, the health and lives of the children would be endangered in attempting to go to and from the school. They set out chapter 76, Acts of the General Assembly 1932, which reads:

"It shall be the duty of the Board of Education of every county in this Commonwealth receiving revenue from public taxation to provide at least the minimum legal term of school for all pupil children residing within the geographic limits of such district. Such schools shall be maintained within reasonable walking distance of such pupils of elementary grade, or transportation shall be provided for them to such school or schools."

They further alleged that, after making the survey as above indicated, they made a written recommendation to the board of education of Boyd county which in part reads:

"Second, we also find that a number of children in this district live too far from the school house to walk to school, especially as the roads are in such condition as to not only endanger the health but the lives of the children in the winter time.

"We, therefore, recommend that the Board declare an emergency and provide a school for these children in the upper end of the district in a reasonable walking distance, in accordance with the Act of the 1932 Legislature."

They aver that the board of education failed to act upon their recommendation, and have failed and refused to perform their official duty in providing a school for the children as recommended by plaintiffs; that by reason of such failure, the children are being deprived of

the privileges of the school, contrary to the act as above set out.

The prayer of the petition is for a writ of mandamus against the board of education and the superintendent of schools requiring them to convene and enter an order for the erection of a sufficient school building in the subdistrict, as conveniently located as possible for the children, and for the employment of a teacher and the maintenance of a school within reasonable walking distance of children of the elementary class in the upper end of the subdistrict.

Defendants entered a special demurrer to the petition on the ground that the plaintiffs have no legal capacity or authority to institute or prosecute the action, but their demurrer was overruled, and a general demurrer to the petition met the same fate.

By answer defendants traversed the material allegations of the petition, and by amended answer challenged the jurisdiction of the court on the ground that plaintiffs are subdistrict trustees; that their duties are purely ministerial and defined and limited by statute, and that under the statute they neither singly or severally have a right or authority to sue or maintain the action in their official capacity as subdistrict trustees.

After evidence was heard, it was adjudged by the chancellor (1) that on and after the date fixed in the judgment the defendants should provide reasonable and suitable transportation to and from the school for all children living on and near Straight creek and more than 1½ miles therefrom; (2) that, if defendants failed to provide such transportation, they should build or provide a school building for all pupil children residing within the limits of the Straight creek school district, and that a school be maintained for a minimum legal term with competent, qualified teachers as provided by law. Defendants are prosecuting this appeal.

While other grounds are urged for reversal in brief filed by counsel for appellant, the conclusion we have reached with respect to the one involving the right of appellees to maintain an action of this character in their official capacity as subdistrict trustees renders it unnecessary to give consideration to the others; nor will it be necessary to review the evidence nor to con-

sider the pleading except in so far as involved in the question to be determined.

The office of subdistrict trustee is of statutory creation, and the General Assembly in enacting laws relating to it has attempted to prescribe and define the powers and duties thereof; however, such statutes seldom, if ever, define with precise accuracy the full scope of such powers and duties. Some powers and duties incident to a public office must necessarily arise by implication. Courts generally regard as included within the scope of the powers and duties of a public officer not only those expressly defined by statute but also such, though supplemental and collateral, as may be essential to the full accomplishment of the purpose for which the office was created.

The act of 1932, hereinbefore set out, and which in substance has been re-enacted in section 15, article 5, of the School Code enacted by the General Assembly of 1934 (Kentucky Statutes, section 4399-20, 1934 Supplement), imposes upon the county board of education all the duties with respect to the transportation of or the furnishing of school facilities for pupils of elementary grades. We find no statute and none has been pointed out, imposing any duties upon subdistrict trustees with respect to the subjects dealt with in these acts.

In the case of Uhr v. Brown (Tex. Civ. App.) 191 S. W. 379, it was held that a public officer, in the absence of a statutory prohibition, had implied authority to institute and prosecute any action necessary to the faithful performance of the duties of his office, but, as will be seen, this action does not involve any duties imposed by law upon the subdistrict trustees. No express power is conferred by statute upon appellees to maintain an action of this nature, and the implied powers essential to the exercise and discharge of the duties of their office cannot be so broadened as to confer such authority.

In dealing with a similar question in the case of Bauer v. Mitchell, 247 Mass. 522, 142 N. E. 815, it is said:

"Plain and unequivocal words of imperative public necessity would be required to authorize one public board to institute suit in equity against another public board of the same public corporation to

adjust conflicting contentions as to the boundaries of their respective powers.''

It is unnecessary, and we do not, undertake to determine the discretion that the county board may have with respect to the discharge of the duties attempted to be imposed by the act in question. It is sufficient to say that the right of action, if any, to enforce its provisions is in those in whose interest it was enacted and who are affected thereby. Appellees bring this action in their official capacity and not for themselves as patrons nor in behalf of the pupils within the subdistrict alleged to be affected by any action or inaction upon part of the county board of education. In such circumstances, and for the reasons indicated, the special demurrer to the petition should have been sustained.

Judgment reversed, with directions to enter judgment in conformity with this opinion.