PATRICK DUPUIS *vs.* ARTHUR M. REED & others.

Bristol.    January 10, 1935. — January 30, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Sheriff. County Commissioners. Jail. Equity Jurisdiction*, Suit by one public officer against another. *Public Officer.*

Findings, that a building belonging to a county, located within the yard of its jail and house of correction and heated from the central heating plant which heated all the other buildings in the yard, contained an office used by the sheriff in the course of his duties, the remainder being used by the sheriff as a residence for himself and his family; that connected to the building was a room used for the photographing and finger printing of prisoners; that the building was originally built and had been continuously used, in its entirety, as a residence for the keeper of the jail; and that the building was used in connection with the maintenance and purposes of the jail and house of correction, warranted a conclusion that the building was a part of the jail and house of correction; and a ruling that it was in the custody and control of the sheriff, subject to the right of the county commissioners to inspect and repair it, was proper under G. L. (Ter. Ed.) c. 126, § 16.

A court of equity has no jurisdiction to entertain a suit by the sheriff of a county against the commissioners of that county to restrain the defendants from interfering with the plaintiff's control of a building belonging to the county and forming part of the jail and house of correction thereof.

BILL IN EQUITY, filed in the Superior Court on June 13, 1934, described in the opinion.

The suit was heard by *Gibbs*, J. Material findings by him are stated in the opinion. A decree in favor of the plaintiff was entered. The defendants appealed. The evidence was reported.

The case was submitted on briefs.

*E. R. McCormick*, for the defendants Reed and another.

*L. H. Coughlin*, pro se.

*T. F. O'Brien & S. E. Bentley*, for the plaintiff.

QUA, J. The plaintiff is the sheriff of the county of Bristol. The defendants are the three county commissioners of that county. The ostensible object of the bill is to restrain the defendants from trespassing upon and interfering with the plaintiff's occupation of a dwelling house belonging to the county and located within the yard of the jail and house of correction at New Bedford. It is apparent, however, that the true object of the litigation is to determine whether the sheriff or the county commissioners have the right to control the house in question.

The sheriff contends that the house is in reality only a part of the jail and that it is within his custody and control by virtue of G. L. (Ter. Ed.) c. 126, § 16, the first sentence of which reads as follows: "The sheriff shall have custody and control of the jails in his county, and, except in Suffolk county, of the houses of correction therein, and of all prisoners committed thereto, and shall keep the same himself or by his deputy as jailer, master or keeper, and shall be responsible for them." It is further provided by the following section that "No sheriff shall receive any rent or emolument from the jailers and keepers of the houses of correction for the use and occupation of the dwelling houses provided for them by the county." On the other hand, county commissioners have in general the care of county property and

the management of county business "where not otherwise expressly provided," including the erection, repair and inspection of jails and houses of correction. G. L. (Ter. Ed.) c. 34, § 14; c. 126, §§ 1, 2. The result of these statutes is that the county commissioners have control of the house in question unless it is part of the jail or house of correction, but if it is such part, then it is "otherwise expressly provided" that the sheriff shall have control.

The judge made findings of facts that this house is one of five buildings in the yard, all of which are used in connection with the maintenance and purposes of the jail and house of correction; that all are heated by the same central heating plant; that in the house is an office used by the sheriff in the course of his duties and connected to said house is a room used for photographing and finger printing inmates; that the remainder of the house is used by the sheriff as a residence for himself and family; and that the house was originally built and has been continuously used, in its entirety, as a residence for the keeper of the jail. No party has argued that these findings are not supported by the evidence. They justified the judge's further finding that the house is a part of the jail and his decision that it is, under the statute, in the custody and control of the sheriff, subject to the right of the commissioners to inspect and repair.

Notwithstanding what has been said, we feel compelled to hold that this bill in equity cannot be maintained. All the parties are public officers of the same county, which is the owner of the property in question. The plaintiff claims no private right of property or possession in the house. His rights are derived wholly as prerogatives of the office which he holds. Equity protects private property rights. *Kelley* v. *Peabody Board of Health*, 248 Mass. 165. *Harper* v. *Board of Appeal of Boston*, 271 Mass. 482, 483. "It is not within the general powers of a court of equity to supervise the conduct of public officers in the performance of their official duties, or to prohibit such officers from acting or to compel them to act in matters which concern political and personal rights, as distinguished from rights of property."

*Larcom* v. *Olin,* 160 Mass. 102, 110. The present case, on this point, cannot be distinguished in principle from *Bauer* v. *Mitchell,* 247 Mass. 522, where it was held that a suit in equity would not lie by one public board against another public board of the same county to restrain the discharge of sewage by one board upon land of the county in control of the other board.

As the cause is not within the jurisdiction of a court of equity, the bill must be dismissed.

*Ordered accordingly.*