## MEMBERS OF THE PARK BOARD OF FORT WORTH V. CITY OF FORT WORTH ET AL.

No. 7419.   Decided May 24, 1939.
(128 S. W., 2d Series, 379.)

*Robert Harrison,* of Fort Worth, for appellants.

Plaintiffs were entitled to bring this suit because the charter of the City of Fort Worth vested the Park Board and its members with the right to receive the designated allotment or appropriation for the purpose of maintaining city parks. They not only have the right but are in duty bound to procure from the council said funds for said purpose. Parrish v. Wright 293 S. W. 659; State v. White, 116 Ala. 202; Union Pac. Ry. Co. v. Hall, 91 U. S. 343, 23 L. Ed. 428.

*R. E. Rourer, Geo. C. Kemble* and *R. B. Young, Jr.,* all of Fort Worth, for appellee.

The appellants (Park Board) do not have a justiciable interest in the subject matter of this suit, it being specifically

provided by law that in a proper case such suits · shall be brought by the State under the direction of the district attorney or the Attorney General. No funds whatever can be drawn from the city treasurer to pay any expense whatever unless by appropriation made by the city council, who, in their discretion may include an item of expense to pay a portion of interest due during the fiscal year for the use and benefit of the park department of the city, and their action in so doing is not subject to attack by the Park Board. Yett v. Cook, 115 Texas 205, 281 S. W. 837; Hoffman v. Davis, 100 S. W. (2d) 94; Kingfisher County v. Graham, 139 Pac. 1149; Const. Art. V, sec. 21.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate in this case is a lengthy one. In· view of the conclusion we have reached it becomes unnecessary to state more than the substance of said certificate.

Appellants, as plaintiffs, instituted this action in the District Court of Tarrant County as members of the Park Board of the City of Ft. Worth. The suit was for mandamus and was against the City of Ft. Worth and the City Council. Chapter 18 of the Charter of the City of Ft. Worth provides for appointment by the City Council of a board of five members to be known as the "Park Board." Section 4 of said Chapter 18 provides the duties and powers of the Park Board and we give a brief summary of same: The exclusive control, management and maintenance of all public parks, parkways, etc.; the management and control of the beautifying and parking of any ground, street or boulevard; they shall exercise supervision and control over the planting and care of trees, plants, etc.; shall take and hold title in the name of the City to real and personal property; shall recommend to the City Council the institution of condemnation proceedings; may with the approval of the City Council sell, lease and convey real estate; shall on behalf of the City have power to receive donations, bequests, etc.; shall have power to appoint a superintendent and such other officers and laborers as may be necessary, and to provide and fix their duties, compensation, etc.; shall have the management and disposal of all funds legally apportioned or received from any source for the support and maintenance of the public parks and grounds; shall have power to establish rules and regulations for the conduct of officers and employees, etc.

Section 7 of said Chapter, upon which the plaintiffs have based their claim for relief, is as follows:

"The City Council, when levying the taxes for each fiscal year shall levy an annual ad valorem tax of not less than nine (9¢) cents on each One Hundred ($100.00) Dollars of assessed value of all real and personal property in the City not exempt from taxation by the Constitution and laws of the State, for the use and benefit of this department. In addition thereto, said department shall be allowed all the receipts and revenues arising from the operation of the various public parks and grounds within its jurisdiction, save and except the revenues arising from the swimming pools and from other forms of recreational activities set apart by this Charter for the use and benefit of the Recreation Board; and the said ad valorem tax and the said receipts, together with whatever further amount, ·if any, the City Council may in its discretion set apart in the annual budget for the use and benefit of this department, shall constitute the appropriation to be annually set apart in the said budget for the operation, maintenance and upkeep of this department. The said tax when collected, together with the sums appropriated by the City Council for this department, or received from other sources, shall be deposited with the City Treasurer to the credit of the Public Park Fund, subject to the order and disbursement of the Park Board for the purposes and in accordance with the provisions of this Chapter; the same to be paid out only upon warrants issued by the said Board, signed by the President or Vice-President, and countersigned by the Commissioner of Accounts and by the Secretary of said Board.

"All debts and liabilities created heretofore by the previous Park Board operating under the previous Charter, save and except those debts incurred for swimming pools and other recreational activities taken over by the Department of Public Recreation, shall be assumed by the Park Board here created, and the funds arising to the said Board from the sources hereinbefore specified, or so much thereof as may be necessary, shall be used in the payment and discharge of the said debts and liabilities."

The action of the City Council complained of is alleged as follows:

"Your petitioners respectfully show that notwithstanding the plain requirements of the charter as above set out, the Fort Worth City Council has refused, and has declared its pur-

pose to continue in the future to refuse, to set apart for the operation and maintenance and upkeep of the Park Department, and to deposit to the credit of the Public Park Fund, as required by the charter, the said annual tax of 9¢ on each $100 assessed property value, alleging as its reason for this refusal that in the opinion of the City Council there should be withheld from the said annual appropriation of 9c an arbitrary deduction therefrom to be applied to the partial payment of interest on a certain issue of bonds of the City of Fort Worth, which bonds were issued in order to enable the City of Fort Worth to acquire and improve certain lands in order to add to the area of the Fort Worth parks."

The relief prayed for was as follows:

"Wherefore plaintiffs pray for a hearing of this petition, and upon said hearing that an order be entered directing and requiring the City Council to comply with the requirements of Chapter 18 of the Fort Worth city charter, and appropriate an annual ad valorem tax, when collected, of not less than 9c on each $100 assessed value of all real and personal property in Fort Worth not exempt from taxation by the Constitution and laws of the State, for the use and benefit of the Fort Worth Park Board, and to deposit the said funds with the City Treasurer to the credit of the Public Park Fund subject to the order and disbursement of the Park Board, for the purposes and in accordance with the provisions of said Chapter 18 of the charter; and for such other and further relief as may be proper."

A general demurrer was sustained to the petition upon the ground that plaintiffs were without authority to institute and prosecute such an action against the City and the City Council.

The Court of Civil Appeals, upon original hearing, affirmed the action of the district court in sustaining the general demurrer, but on motion for rehearing has certified to the Supreme Court the following questions:

"First, In view of the provisions of the City Charter, does the Park Board as such, have a justiciable interest in the subject matter of the issues raised by its petition?

"Second: "If the Park Board has such justiciable interest and, as such, may maintain this suit, then does the City Council have the power and authority to withhold any portion of the fund received from the levy and collection of the nine (9¢) cents on the $100.00 taxable property valuation, from the

Park Fund and use it for part payment of interest on bonds issued and sold by the City for the purpose of raising funds with which to purchase lands for the enlargement of the Park area?"

We answer the first question in the negative. The plaintiffs did not institute this action as private citizens or taxpayers, but only as members of the Park Board. If they be regarded as acting for or as the Board, they have only such powers as are given the Board by the Charter. The Park Board is not given the power to sue or be sued. It is an agency or instrucentality of the City of Ft. Worth. Without the power to sue expressly given by law, or necessarily implied, such agency cannot institute and maintain a suit for equitable relief against the City of which it is a part. Macon Ridge Highway District Supervising Board v. Police Jury, 152 La. 205, 92 So. 860; Bauer et al. v. Mitchell et al., 247 Mass. 522, 142 N. E. 815; Dupuis v. Reed, 289 Mass. 365, 194 N. E. 109; Board of Education v. Trustees of School District, 256 Ky. 432, 76 S. W. (2d) 267.

In the case of Bauer v. Mitchell, supra, it is said:

"Plain and unequivocal statutory words or imperative public necessity would be required to authorize one public board to institute a suit in equity against another public board of the same public corporation to adjust conflicting contentions as to the boundaries of their respective powers."

If the alleged action of the City Council in setting aside part of the tax money collected for the park department to payment of interest on certain bonds issued for the purpose of acquiring lands for park purposes, instead of allocating said funds to the operation, maintenance and upkeep of parks, is contrary to the  Charter, then it amounts to either a misapplication of funds or a diversion of funds. Section 5 of Chapter VI of the Charter provides:

"The City Attorney shall apply in the name of the City to a court of competent jurisdiction for an order of injunction to restrain any misapplication of the funds of the City, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the City in contravention of law, or which was procured by fraud or corruption."

Again, if the City Council has wrongfully failed to obey the mandatory provisions of the Charter, then we find that Section 7 of said Chapter VI provides as follows:

"In case any officer or commission shall fail to perform any

duty required by law, the City Attorney shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

We also find that subdivision 1 of Section 2 of Chapter V of the Charter gives to the City Manager the power "to see that all laws and ordinances are enforced."

We do not cite these provisions for the purpose of deciding who, if any one, is authorized to institute a proceeding of this kind, but for the purpose of showing that implied power to maintain such action is not conferred upon the Park Board or the members of same.

We answer Question No. 1 in the negative, and this makes it unnecessary to answer Question No. 2.

Opinion adopted by the Supreme Court May 24, 1939.