**Frank J. CROKE and S. V. Walker, Jr., Appellants,**

v.

**PUBLIC SERVICE COMMISSION OF KENTUCKY, Middletown Manufacturing Company, and Louisville Gas and Electric Company, Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1978.

---

928

C. Edward Glasscock, Stephen R. Schmidt, Brown, Todd & Heyburn, Louisville, for appellants.

O. Grant Bruton, Middleton, Reutlinger & Baird, Louisville, E. Gaines Davis, Jr., Morris E. Burton, Frankfort, for appellees.

Before GANT, HOGGE and WINTER-SHEIMER, JJ.

HOGGE, Judge.

This is an appeal from a judgment of the Franklin Circuit Court affirming an order of the Public Service Commission of Kentucky. The Public Service Commission order had directed that a natural gas allocation be transferred to the Simpsonville plant of Middletown Manufacturing Company (hereinafter called Middletown) and terminated as to the property of the appellants, Frank J. Croke and S. V. Walker, Jr.

The appellants are the owners of a parcel of land in Louisville, Kentucky, part of which was leased until August 31, 1976, by Middletown. Middletown had moved its finishing and shipping department from Simpsonville to the property in 1970 and appellants had become their lessors. Middletown, who had been using process natural gas in its manufacturing at Simpsonville, continued to use the gas in Louisville.

In 1973, the Public Service Commission of Kentucky ordered that restrictions be imposed by Louisville Gas and Electric Company (hereinafter referred to as L.G. & E.) upon new residential, commercial and industrial customers, and upon providing increased requirements of existing commercial and industrial customers. Pursuant to this order, L.G. & E. issued a tariff which provided that after October 15, 1973, the company would not initiate service to any new gas customer, location or service point, except as specifically provided for in their rules or in the order of the Public Service Commission. The amount of gas allocated to each parcel of property was based on the usage at that location during a previous base year.

Section eight of the tariff provided that if the use of gas for industrial processing or other industrial nonspace heating purposes at any premise was discontinued by reason of cessation of operations, gas service in quantities no greater than those previously

used would be restored if such usage was resumed within six months and there had been no transfer of the entitlement to service to another location. Section nine provided that entitlement to gas service would not be transferable unless the entitlement or a portion thereof would terminate at the old location, the load and usage would be no greater at the new location and if the new location could be served from an existing gas main extension or one installed pursuant to the gas main extension rules. In addition, the change of location must have been forced by governmental action, or there must be identity of ownership and control and a guarantee of termination at the old location and no net increase in connected load or gas usage.

Some time after the effective date of this tariff, Middletown began to make plans to transfer its finishing operations back to Simpsonville, and sought transfer of the gas entitlement from the Louisville property to the Simpsonville plant. L.G. & E. refused to transfer the entitlement for the reason that it was tied to the property, unless it could be transferred with the consent of appellants. There was testimony that appellants tried to sell the allocation to Middletown for $20,000.00. Other conflicting evidence suggested that Middletown approached the appellants to persuade them to sell, and that the two could not agree on a price. In any event, the appellants were unwilling to relinquish the entitlement. On May 6, 1976, Middletown filed a complaint against L.G. & E. with the Public Service Commission charging that the rules and regulations of L.G. & E. were totally unworkable with respect to gas used for manufacturing purposes and requesting that L.G. & E. provide Middletown with the same quantity of natural gas for its finishing and shipping department at Simpsonville as had been provided to the Louisville property. L.G. & E. opposed the request, and a petition by appellants to intervene in the proceeding was sustained.

The Commission found that a natural gas allocation of 1850 mcf. per month existed at the Louisville property due to Middletown's manufacturing operation, that this use of natural gas did not exist on the property prior to the lease by Middletown, and ordered that the natural gas allocation be transferred to Middletown's Simpsonville plant and terminated on appellant's property. On appeal, the Franklin Circuit Court affirmed the decision of the Public Service Commission. The appellants, Croke and Walker, then brought this proceeding.

██ The first issue before this court is whether the Public Service Commission had the legal authority to order L.G. & E. to transfer the gas entitlement where such transfer violated the rules and regulations properly adopted by L.G. & E. as to the circumstances under which a gas entitlement could be transferred without ordering a change in the rules and regulations. The Public Service Commission's powers are purely statutory; like other administrative boards and agencies, it has only such powers as are conferred expressly or by necessary or fair implication. *City of Olive Hill v. Public Service Commission*, 305 Ky. 249, 203 S.W.2d 68 (1947), overruled on other grounds, *McClellan v. Louisville Water Company*, Ky., 351 S.W.2d 197 (1961); *Ashland-Boyd County City-County Health Department v. Riggs*, Ky., 252 S.W.2d 922 (1953). KRS 278.280, the statute pertaining to situations where existing rules are not appropriate for application to certain circumstances, reads in part as follows:

Whenever the commission, upon its own motion or upon complaint as provided in KRS 278.260, and after a hearing had upon reasonable notice, finds that the rules, regulations, practices . . . or service of any utility, or the method of . . . distribution . . . or supply employed by it, are unjust, unreasonable, unsafe, improper, inadequate or insufficient, the commission shall determine the just, reasonable, safe, proper, adequate or sufficient rules, regulations . . . to be . . . employed, and shall fix the same by its order, rule, or regulation.

We have no doubt that the Public Service Commission has the power to make appropriate findings and order change in a rule, and such a change may result in ordering transfer of a gas entitlement. However, in this case the Public Service Commission ordered L.G. & E. to transfer the gas entitlement from appellant's property to Middletown's Simpsonville plant in violation of the L.G. & E. No-Transfer Rule, without following the appropriate procedure and ordering a change in the rule. We hold that this was an action which the Public Service Commission had no authority to take. KRS 278.280; *City of Olive Hill v. Public Service Commission, supra; Ashland-Boyd County City-County Health Department v. Riggs, supra.*

In view of our decision on this issue, we do not find it necessary to consider the other issues presented.

The judgment of the circuit court is reversed, and remanded for further proceedings consistent with this opinion.

All concur.