### HANSEN v. BACHER.   (No. 7758.)

Court of Civil Appeals of Texas.   San Antonio.
April 27, 1927.

Rehearing Denied May 18, 1927.

1. Appeal and error ⬤⟹447—Court held to have jurisdiction to restrain waste on land, notwithstanding pendency of appeal in action wherein title was adjudged in plaintiff.

Court held to have jurisdiction to restrain defendant from committing waste on land which was the subject of a dispute between them, notwithstanding the pendency of an appeal in an action wherein the title to the land had been adjudged in the plaintiff.

2. Judgment ⬤⟹407(5)—Party dissatisfied with judgment cannot attack it directly by cross-action in subsequent suit after inexcusably neglecting to move for new trial.

Party dissatisfied with a judgment cannot, pending an appeal by writ of error, attack the judgment directly through a cross-action in a subsequent injunction suit brought by the same adverse party, where the complaining party had, without reason, failed to file a motion for a new trial.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by Charles Bacher against H. P. Hansen, wherein Hansen set up a cross-action. Judgment for defendant in main suit, and for plaintiff in the cross-action, and defendant appeals. Affirmed.

Elmer Graham, of Houston, for appellant.
Oliver C. Aldrich, of San Juan, for appellee.

SMITH, J. On July 5, 1926, H. P. Hansen (and wife) conveyed 25 acres of land in Hidalgo county to Chas. Bacher. The conveyance was made in the usual form of general warranty deed, which is described and discussed in cause No. 7743, H. P. Hansen et al.

---

v. Chas. Bacher, decided by this court on March 30, 1927, and reported in 293 S. W. 628. Failing to obtain possession under that deed, Bacher brought an action in trespass to try title against Hansen on August 24, 1926, and prayed for judgment for title and possession. Hansen, being legally served with citation, employed counsel and answered by general demurrer and plea of not guilty. Upon a trial regularly called, at which all the parties announced ready and participated, Bacher obtained judgment as prayed for, whereupon, on September 27, during the same term of court at which said judgment was rendered, Hansen, foregoing the privilege of moving to set aside the judgment and for new trial, filed a supersedeas bond and brought the cause to this court on writ of error. Subsequently, that judgment was affirmed by this court.

In .the meantime, Hansen retained possession of the land upon which a growing crop of grapefruit was maturing, and, on or before October 4, Bacher filed a bill in equity in the trial court, in which he sought an injunction restraining Hansen from committing waste upon the premises in dispute. A temporary injunction appears from inference to have been granted Bacher, which the court refused to dissolve upon Hansen's motion. Hansen also filed a plea to the jurisdiction of the trial court, as well as a plea in abatement of the injunction suit. Both pleas were overruled.

Hansen also filed a general demurrer and general denial in the injunction suit, and set up a cross-action in which he urged the invalidity of Bacher's title and of the judgment adjudicating that title, and prayed that his deed to Bacher be canceled, that the judgment be set aside and held for naught, and prayed for an injunction restraining Bacher from trespassing upon the property and from filing other suits in the matter. The trial court sustained a general demurrer to Hansen's pleadings setting up the cross-action and for injunction, which pleadings Hansen declined or failed to amend. This left nothing in the suit but Bacher's prayer that the temporary injunction theretofore granted him be made permanent, and as to that the court directed a verdict in favor of Hansen. From an appropriate judgment in his favor—to the effect that Bacher recover nothing of Hansen, and that the latter go hence without day and with his costs —Hansen has appealed. Except for a preliminary matter of jurisdiction, the only question presented by the appeal is that of the sufficiency of appellant's cross-petition, when tested by the general demurrer urged against it and sustained.

[1] Some question is raised by appellant as to the jurisdiction of the trial court to hear and determine appellee's petition in this cause for injunction to restrain appellant from wasting the orchards and crops upon the land in controversy, during the pendency in this court of the writ of error from the judgment in the former suit, in which the title and possession of the land was decreed in appellee. We overrule appellant's contention, upon the authority of Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S. W. 725, 226 S. W. 1075. This injunction suit was not brought to settle the title to the land in litigation in the former suit. It was alleged in the petition for injunction that the orchard and crops gave the land its chief value.; that appellee had prosecuted the former suit in good faith, had recovered judgment for it, but that appellant, while prosecuting writ of error from that judgment, was committing the waste complained of. It was held in the case cited that a similar state of facts created an independent equity in favor of the judgment plaintiff, entitling him to the aid of a court to prevent the property in controversy being rendered valueless to him through the acts of his adversary, regardless of his rights if his judgment should be finally affirmed. The injunction suit was not one for nor involving the title to the land in litigation, but was one purely for injunctive relief against the threatened injury to the land, and its prosecution in the trial court is not regarded as an interference with the jurisdiction of this court over those matters. It is so held by the Supreme Court in the Village Mills Case, supra.

We have concluded that the trial court properly sustained the general demurrer to appellant's cross-petition. Briefly, the allegations were that the deed through which appellants conveyed their alleged homestead to appellee, though regular and absolute in form, was in fact intended as a mortgage to secure appellee in the sum of $65,400 advanced to appellants at the time in consideration of their execution and delivery of the instrument to him; that with this mutual understanding between the parties as to the nature and effect of the conveyance, appellee agreed that upon delivery of the instrument to him he would "immediately" reconvey the property to appellants and take the latter's vendor's lien notes for the amount of the loan, all of which he subsequently failed to do; that when appellee filed the former suit in trespass to try title to recover the land from appellants, he represented to the latter that the action was a "friendly suit" which he filed in order "to perfect his title to the land"; that by reason of this representation appellants did not contest that suit, but permitted judgment to go against them. For these reasons appellants sought in their cross-action to set aside the former judgment and cancel the deed in question, on the ground that it was void as being a mortgage upon the homestead.

[2] If appellants had alleged and proved

this state of facts in the original suit, or if they had filed a motion for new trial after judgment against them in that suit and had proved the facts alleged, they may have been entitled to judgment in the first event or a new trial in the second, although it is not necessary to so decide. Or, if unaware of appellee's alleged deceit at the time of answering in that suit, or if they had been lulled into a feeling of security by appellee's alleged assurance of the innocent nature and purpose of the suit, and the adverse judgment was a natural consequence of the false assurance, appellants could and should have set up the facts in a motion for new trial filed at the term in which that judgment was rendered, for they knew of the facts long before the term expired. This was their legal remedy, which they were bound under the law to pursue. Immediately upon rendition of the adverse judgment, if not before, appellants knew of the alleged fraud of appellee. In fact, it is doubtful if they would be heard to assert reliance upon appellee's alleged representation that the suit was a "friendly" one, in the face of the plain allegations and obvious purpose of that suit, which was in the usual form of trespass to try title, with prayer for the recovery, against appellants, of the title and possession of the land in dispute. Even if in their lack of legal knowledge appellants did not understand the nature and purpose of this suit, they were represented from the inception of the proceedings by able counsel, who filed responsive pleadings for appellants, and, of course, was fully aware of the only possible purpose and effect of the suit. Be that as it may, however, appellants learned all the facts upon which they now or have ever relied, during the term of court at which the adverse judgment was rendered, and concededly had several weeks' time in which to set up those facts in a motion to set aside the judgment and for new trial at that term. Instead of pursuing this remedy, however, appellants appealed from the judgment, and, pending that appeal, through a cross-action in the subsequent injunction suit, prosecuted a direct suit to set aside that judgment, and all this was done during the very term at which the offending judgment was rendered. The law is that, when it is admitted that the term of court at which a judgment attacked for want of validity is rendered has not adjourned, the remedy of the complaining party to the judgment is by motion for new trial unless he is ignorant of the facts upon which he relies for relief, or could not ascertain those facts by the exercise of due diligence. And when, as in·this case, he is in possession of the facts which would enable him to present them to the trial court at that term, but does not file a motion for new trial, or has a sufficient excuse for not doing so, he cannot justify a separate suit to set aside the

adverse judgment. Bryorly v. Clark, 48 Tex. 345; Hamblin. v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 824. This case comes clearly within the rule and the denial of the relief prayed for must be upheld. . The questions of res adjudicata and of election of remedies are perhaps in the case, but need not be decided in view of the foregoing conclusion.

The judgment is affirmed.