## SCHROEDER v. ROSENBAUM et al.
### (No. 9250.)

Court of Civil Appeals of Texas. Galveston. March 6, 1929.

Rehearing Denied April 11, 1929.

C. G. Krueger, of Bellville, and Albert Stone, of Brenham, for appellant.

Searcy & Hodde, of Brenham, for appellees.

PLEASANTS, C. J. This is a suit for an injunction, brought by appellees to restrain appellant from entering upon and erecting a fence inclosing land in the possession of appellees, who claim title thereto under a conveyance from appellant.

Plaintiffs' petition alleges in substance:

That appellant, joined by his children, had on November 29, 1926, conveyed to appellee Ida Rosenbaum, who is joined in the suit by her husband, F. W. Rosenbaum, a tract of 190 acres of land, more or less, out of the Nestor Clay and J. F. Perry Square league surveys in Washington county, and had placed plaintiff in possession of the tract of land thereby conveyed; that said tract of land is fully described in the deed of conveyance, which is of record in volume 85, p. 145 et seq. of the deed records of Washington county, and is referred to for further description of the 190-acre tract thereby conveyed; that the land so conveyed to plaintiff by defendant was fenced and in possession of defendant at the time of such conveyance and included all of the land owned or claimed by defendant which was within the inclosure, the tract so inclosed and conveyed being separated by a public road from a tract of 40 acres upon which defendant resided.

"That the plaintiff paid the cash consideration mentioned in said deed to the defendant. That all of the lands under fence lying to the southeast of said public road were conveyed to the plaintiff, as said lands were fenced by the defendant prior to the purchase of said lands. That all of the lands described in the deed from H. H. Schroeder, et al., to the plaintiff lie in one body. That defendant is setting up some sort of claim to about 15 acres of said land, about the middle of said tract, but the exact nature of said claim is unknown to plaintiffs.

"That the defendant is attempting to and is now in the process of constructing or has constructed a fence on part of the lands, almost in the center of said lands so purchased. That the plaintiff has not given, nor has she authorized any one else to give, permission to the defendant to construct or have constructed a fence on said lands and premises, or any part thereof. That by reason of such unlawful construction of said fence by the defendant on some of the lands of the plaintiff, the tenants living on said lands are thereby cut off from the water supply for their stock, as well as from going to and from the lands under cultivation. That the defendant is unlawfully trespassing on said lands of the plaintiffs and is interfering with the tenants on said lands as herein stated. That plaintiffs have no adequate remedy at law and will suffer irreparable injury for the reasons above stated if the defendant is permitted to erect and maintain the fence upon and over the lands.

"Wherefore these plaintiffs sue and pray that the defendant be enjoined from further constructing said fence, and that the fence or so much thereof as has already been constructed be removed, or that he have the same removed, and that on final hearing hereof that the temporary injunction be made permanent."

The defendant answered by general demurrer, special exception, and general denial, and by special plea in which it is averred:

"That at the time he and his children made, executed, and delivered to plaintiffs a deed to 190 acres, more or less, out of the Nestor Clay League and the J. S. Perry Square League in Washington County, he did not own the premises involved in this suit and was not claiming them and had no character of title whatever thereto. That at said time said premises belonged to Mrs. M. L. G. Stone, who was the legal owner and holder of same. That thereafter, on the 8th day of April, 1927, Mrs. M. L. G. Stone conveyed to this defendant by general warranty deed the surface to the following described tract of land, to wit:

"'All that certain tract or parcel of land situated in Washington County, Texas, and being a part of the Nestor Clay League, and described as follows: (Here follows field notes of the 15 acres claimed by defendant). Being the same described in deed from W. E. Watson to Heber Stone, recorded in Volume 38, page 499, Deed Records of Washington County, Texas. But it is expressly understood and agreed that this conveyance does not cover and include any of the oil,

gas and all other minerals in and under said above described property and premises, and that all of. said minerals are hereby expressly reserved to the grantor, her heirs and assigns, with the full right to ingress and egress and all necessary privileges for prospecting for and developing said minerals.'

"That the land which defendant was attempting to fence was the land which he had purchased from said Mrs. M. L. G. Stone, and is the land hereinabove described. That all of the premises conveyed by the defendant and his children to plaintiff are actually described by metes and bounds in said deed of conveyance. That at the time the defendant and his children conveyed said premises to plaintiff, the plaintiffs were advised by the defendant that there was a 15 acre tract, which is the 15 acres here in controversy, in the immediate vicinity of the property which the defendant and his children conveyed to plaintiffs, and that this defendant did not own the same, had no title to same, and was not in any manner attempting to convey to plaintiff. That with full knowledge of this fact the plaintiffs accepted from the defendant and his children a deed describing by metes and bounds the property conveyed. That knowing these facts, and notwithstanding that they had no claim of title to any part of said 15 acres, the plaintiffs filed suit against this defendant and has put him to the trouble of employing counsel and appearing in court.

"Defendant further alleges that the injunction was willfully and maliciously sued out, and he prays for damages, actual and exemplary, over against plaintiffs."

The trial court, on presentation and consideration of appellees' petition on April 8, 1927, granted . the temporary injunction asked in the petition, and upon a subsequent final hearing of the cause perpetuated the temporary injunction.

At the request of appellant the trial judge filed the following findings of fact:

"I find that on November 29, 1926, the defendant, H. H. Schroeder, and his children owned, claimed, and had under fence certain lands in Washington · county, part of the Nestor Clay and J. F. Perry leagues as set out in plaintiff's petition. That all of the land (including the small tract in controversy) was under fence and in the possession of H. H. Schroeder and his children and had been under fence, occupied and used by them, the same being cultivated, pastured and enjoyed by Schroeder and his children exclusively for more than ten years; that on November 29, 1926, the defendant, H. H. Schroeder, joined by his children executed and delivered to plaintiff, Ida Rosenbaum, a general warranty deed, conveying to her, as her separate property, all the property then in possession of H. H. Schroeder and his children, save and except about 40 acres

that lay to the northwest of the public road running through the land. This road cut off about 40 acres of the land that lay to the northwest of the road which was reserved by H. H. Schroeder and his children and not conveyed. There was a fence on each side of the public road. All of the land on the southeast of the public road, including the 15 acres in dispute, was under one fence.

"The only living water on the land is on the 15 acres. At the time of the delivery of the deed by H. H. Schroeder and his children to Ida Rosenbaum there ·was delivered to her actual possession of all the land on the southeast side of the public road. This included the 15 acres in dispute. Ida Rosenbaum went into immediate possession of the land, which was all under fence, and has continued in actual possession thereof from the date of the delivery to her by the defendant and others to the present time, cultivating, using, and enjoying the same, and claiming it all, including the 15 acres, as her separate property.

"On or about April 8, 1927, H. H. Schroeder, the defendant, forcibly and without the consent of the plaintiff, or either of them, entered on the land in the possession of the plaintiff that was claimed to be owned by plaintiff and attempted to construct a fence around about 15 acres of the land that lay to the southwest of the public road, that was then in the possession of the plaintiff Ida Rosenbaum and claimed by her as her property, being a portion of the same land delivered to her by the defendant as above stated.

"The plaintiff paid the defendant and his children $20.00 cash per acre for the land."

Appellant attacks the judgment primarily on the ground that the evidence does not sustain the finding of the trial court that the 15 acres of land which defendant was attempting, without appellees' consent, to inclose with a fence, was included in the conveyance by appellant and his children to appellee Mrs. Ida. Rosenbaum.

■ The evidence sustains appellant's contention that this 15-acre tract is not described in the field notes set out in the deed to Mrs. Rosenbaum, nor in any of the deeds referred to in that conveyance. So far· as this record discloses, appellees have not shown title to the land. But we do not think appellees were required to show title to sustain their right to the injunction against a trespasser who shows no title to the land.

No contention is made that the evidence is insufficient to sustain the trial court's finding that appellees were in actual possession of the land and claiming ownership thereof.

■ We know of no rule of law or equity which would permit an adverse claimant to forcibly or without the consent of the possessor oust him from such possession, or that

would deny to the person so in possession the protective remedy of injunction, and appellant has cited no such authority. The only case cited by appellant which tends to sustain his contention is Paul v. El Paso (Tex. Civ. App.) 131 S. W. 438. In that case the evidence showed that the alleged trespasser had title to the land. This right to injunctive protection is made stronger in this case by the finding of the trial court, which is sustained by the evidence, that appellant sold the 15 acres to Mrs. Rosenbaum, received from her the purchase price therefor, and placed her in actual possession of the land. If, as contended by appellant, the 15 acres which was not included in the description given in his deed to appellee was not intended to be conveyed, and appellees have no title thereto, having placed them in possession of the land he cannot forcibly eject them, but must resort to legal methods to obtain an adjudication of his title and repossess himself of the land. If his answer in this suit can be regarded as a sufficient pleading to entitle him to recover the title and possession of the land, the evidence fails to show that he has any recoverable title. He claims title under a deed from Mrs. M. L. G. Stone, but offered no evidence of any title in Mrs. Stone. He cannot avail himself of the limitation title which the court finds he had acquired prior to his sale to Mrs. Rosenbaum, because he failed to plead such title.

These conclusions determine the disposition of this appeal, and render it unnecessary for us to pass upon the numerous assignments presented in appellant's brief, since in the views above expressed upon the controlling issue in the case none of them is material.

It follows that the judgment should be affirmed; and it has been so ordered.

Affirmed.