### ROGERS v. DAY. (No. 632.)

Court of Civil Appeals of Texas. Eastland.
July 12, 1929.

D. J. Brookreson, of Benjamin, for appellant.

Ernest Herring, of Aspermont, and Ratliff & Ratliff, of Haskell, for appellee.

LESLIE, J. In a sense this is a companion case to that of Hugh Rogers v. Roy Day, 20 S.W.(2d) 104, this day decided. W. E. Day is the defendant here, and but part of the lands involved in the companion suit are involved in this one. The plaintiff was granted a temporary writ of injunction restraining the defendant, W. E. Day, from committing various and sundry alleged trespasses on plaintiff's alleged lands. On final hearing at a regular term of the district court, a general demurrer was sustained to the plaintiff's petition and a decree similar to that discussed in the companion case was entered by the court. Plaintiff has appealed and presents for our consideration propositions which attack the order of the trial court in sustaining said demurrer, as well as the judgment rendered.

In the opinion referred to, all questions have been disposed of except the one which complains of the court's sustaining the general demurrer. In that respect in the instant case we think the court erred. There is a marked difference in the two cases. In the instant case it appears from the allegations that the plaintiff was the owner and in peaceable possession of the premises, and that the defendant was a trespasser, in that, in a manner unknown to the plaintiff and without his knowledge or consent, he (the defendant) had entered upon the plaintiff's premises, committing various and sundry depredations, consuming the grass, cutting timber, and threatening to tear down and remove the plaintiff's fences. The pleadings place the plaintiff in rightful possession of his premises inclosed with a good and substantial fence, and the defendant is set forth as a wrongful, naked, and destructive trespasser. Such being the case, as must be assumed for purposes of reviewing the court's action in sustaining the general demurrer, the plaintiff was entitled to the temporary writ of injunction, and, when the cause came on for trial, he was under the above pleadings entitled to a hearing on the merits of the lawsuit. If the testimony had sustained the plaintiff's material allegations, he would have been en-

titled to have the injunction perpetuated, as may be seen from the following authorities: Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629; City National Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591; Kibbin v. McFaddin (Tex. Civ. App.) 259 S. W. 232; Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937.

■ The plaintiff's petition did not necessarily involve a suit in trespass to try title, though it may ultimately evolve into such. Further, the acts complained of were, according to the allegations, resulting in irreparable injury to the plaintiff.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.