**WEST et ux. v. CULPEPPER et al.**

**No. 11106.**

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1942.

Rehearing Denied March 4, 1942.

See, also, Tex.Civ.App., 110 S.W.2d 231, 135 Tex. 156, 140 S.W.2d 166.

J. B. Lewright, of San Antonio, for appellants.

Perkins & Floyd, of Alice, for appellees.

NORVELL, Justice.

This is an appeal from an order of dismissal entered by the trial court after the sustaining of a general demurrer and refusal to amend.

This case was before this Court upon the question of the issuance of a temporary injunction. Culpepper v. West, Tex.Civ.App.,110 S.W.2d 231. The cause insofar as it involved a temporary injunction, was dismissed by the Supreme Court, West v. Culpepper, 135 Tex. 156, 140 S.W.2d 166.

Appellants state that their amended petition, which was attacked by the demurrer, alleges "substantially the same facts as those alleged in their original petition and those alleged in their trial amendment thereof," the pleadings upon which the hearing relating to the temporary injunction was had. We therefore refer to our former opinion for a statement of the pleadings involved.

Appellants sought a perpetual injunction containing substantially the same restraining and mandatory provisions as those contained in the temporary injunction heretofore issued by the trial court and ordered dissolved by this Court.

We quote from appellants' brief: "The especial attention of this court is invited to the fact that neither the original petition nor said first amended original petition tendered, directly or indirectly, any issue of title to any of the lands therein described. The entire object of the suit has all along been, and still is, to protect appellants in their long continued, peaceable, exclusive and actual possession of the tracts of land described in the pleadings herein, and to prevent appellees from again trespassing thereon and especially from constructing any of the numerous lines of fencing which they were threatening to construct and were about to construct when this suit was instituted."

■ We are here concerned with a perpetual and not a temporary injunction, one which if granted would as effectually protect appellants in their possession of the premises involved, as would a judgment for title and possession in an action of trespass to try title. In trespass to try title, evidence of possession creates a rebuttable presumption or inference of title.

Paul v. City of El Paso, Tex.Civ.App., 131 S.W. 438, 439; 41 Tex.Jur. 546, § 69. Appellants' theory, if accepted, would have the practical effect of making conclusive the inference or presumption of title derived from proof of possession.

■ The object sought to be accomplished by appellants, according to the statement thereof taken from their brief, can only be obtained in a suit in which title can be adjudicated. Since no issue of title is tendered by the pleading, the trial court properly sustained the demurrer to the petition and dismissed the cause. Rogers v. Day, Tex.Civ.App., 20 S.W.2d 104.

The judgment of the trial court is affirmed.