## Blue Boar Cafeteria Co., Inc. v. Hackett et al.

February 17, 1950.

Lawrence Speckman, Judge.

Robert E. Hatton for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Assistant Attorney General, and Herman Cohen, amicus curiae, for appellees.

STANLEY, COMMISSIONER—Reversing.

The question is whether the Commissioner of Industrial Relations may require an employer to consent to his department holding an election for its employes on its premises during business hours to determine whether or not a certain labor union shall be their accredited representative for bargaining purposes. A declaration of rights is also asked as to the authority of the Commissioner to conduct an election among those employes for the purpose stated.

The appellant, Blue Boar Cafeteria Company, conducts two restaurants in Louisville. Its petition sets up communications received from the Commissioner advising it, in substance and effect, that at the instance of the Hotel and Restaurant Workers Union the Department of Industrial Relations would conduct an election to determine whether or not that union "is the accredited representative for bargaining purposes of your employes." And further, "You are advised that if you do not agree to a consent election, this Department will hold an election on November 21, 1949 between the hours of 9:00 A.M. and 5:00 P.M. on the premises of both of your establishments. In holding this election I shall expect your full cooperation in the way of furnishing the necessary place on the premises, posting of notices, etc."

The petition alleges the claim of authority by the Commissioner and the plaintiff's refusal, and its legal right to refuse, to consent to the holding of such an election. It also charges that the proposed action would interfere with and disturb the plaintiff's relations with its employes and cause inconvenience and disturbance

of its patrons. It asserts that such action by the Commissioner would deprive the plaintiff of its property without due process and deny it equal protection under the Constitutions. A declaration of rights in these respects and injunctive relief are prayed.

An attorney representing the Union was permitted to appear in the case as amicus curiae.

The court sustained a demurrer to the petition and dismissed it. The plaintiff appeals.

The Commissioner of Industrial Relations claims authority for his proposed action, and his duty to take it, under Chapter 336 of the Revised Statutes, particularly KRS 336.130(1) and 336.040. The former section is quoted for ready reference: "Employes may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employes, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes."

The other section specially relied on, KRS 336.040, places the duty upon the Department of Industrial Relations to "exercise all administrative functions of the state concerned with, employer-employe relationships," including that of promoting friendly and cooperative relations between employers and employes, fair practices and the welfare of both wage earners and industries and generally to "improve working and living conditions of employes and advance their opportunities for profitable employment."

Powers of officers are limited to those conferred expressly by statute or which exist by necessary and fair implication. Accordingly, it may be agreed that the Commissioner of Industrial Relations has the implied authority to do what is incidental and collateral, or what is necessary to accomplish his express powers or perform his principal duties. Such are deemed to be within the scope of powers expressly conferred. But these implications are never to be extended beyond fair and reasonable inferences. Reliance Manufacturing Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S. W.

941; Board of Education v. Trustees of Buena Vista School, 256 Ky. 432, 76 S. W. 2d 267; Bloemer v. Turner, 281 Ky. 832, 137 S. W. 2d 387. The rule extends to the method of exercising authority. Louisville & Jefferson County Planning & Zoning Commission v. Ogden, 307 Ky. 362, 210 S. W. 2d 771.

Though it does not seem material to the decision, it may be observed that there is no assertion of any hazard to the safety or health of the plaintiff's employes or any unfair labor practices or any labor dispute; hence, no suggestion of the power to exercise any of the duties of investigation, correction of existing conditions or conciliation or mediation or other responsibility lodged by the statute, expressly or impliedly, in connection therewith.

The statute authorizes the Commissioner of Industrial Relations and representatives of the Department to enter upon the premises for certain inspections, KRS 336.080, 336.110, but nowhere can be found any right to invade a citizen's premises for the purpose of taking the sense of his employes with respect to choosing an agent to represent them collectively, or any power to compel obedience of an order of the Commissioner to consent to his doing so on the employer's time. Such summary invasion of traditional and constitutional freedom and security in the possession of property cannot be implied from the mere fact that the statute authorizes the officer to promote the general welfare of employes and friendly relations and the like between them and employers; nor from the statutory sanction of the employes' right to choose an agent for the purpose of bargaining as a unit with their employer. To construe the statute otherwise would be to add more power to the administrative department than even the legislature undertook to grant. The reasoning and conclusions of Bloemer v. Turner, supra, 281 Ky. 832, 137 S. W. 2d 387 apply. We there held that under a general authority to adopt standards for animal feed and to make and enforce such rules and regulations as might be deemed necessary to effectuate the express authority, the administrative officer had no power to demand more than was expressly provided in the statutes.

We think the Commissioner of Industrial Relations misinterpreted the statute in regarding it as authoriz-

ing his proposed action and that the chancellor misconstrued it by sustaining a demurrer and dismissing the petition.

This statement as to the judgment refers only to the rights of the plaintiff, Blue Boar Cafeteria Company. The chancellor should, as we now do, decline to express any opinion as to the authority of the Department of Industrial Relations to conduct an election among the employes of the plaintiff elsewhere, independent of the employer's right or wish, for the employes are not parties to the case individually or by representation.

The judgment is reversed for consistent proceedings.