Dale **PENNINGTON**, Appellant,

v.

Esther M. **CALDWELL** et al., Appellees.

No. 15542.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 18, 1969.

Rehearing Denied Jan. 15, 1970.

---

E. W. Newman, Houston, for appellant.

Vinson, Elkins, Searls & Connally, F. Russell Kendall, Jarrel D. McDaniel; Ewing Werlein, Jr., Houston, for appellees.

PEDEN, Justice.

Appeal from the granting of a temporary injunction which enjoins the appellant, Dale Pennington, from remaining on or going onto a certain 33.752 acre tract of

land in the northwestern part of Harris County.

Plaintiffs' (appellees') verified petition alleges that they own the tract in fee simple, that continually since 1959 they have been in peaceable, lawful and exclusive possession of it and that on or about May 1, 1969 Pennington forcibly entered the closure surrounding the tract, that without plaintiffs' permission he moved a trailer house onto it and is continuing to move additional items of personal property onto it. That Pennington, without any right, title or interest in the tract has unlawfully entered thereon and forcibly driven off cattle belonging to plaintiffs' tenant, that plaintiffs have suffered irreparable loss and that Pennington should be enjoined from interfering with plaintiffs' prior peaceable and exclusive possession, which should be restored to them.

Pennington's plea in abatement alleges that he is the owner, is now, and has been for many years in possession of the tract. Also that plaintiffs have an adequate remedy at law by way of trespass to try title. His answer contains the same assertions.

The record consists of a transcript and a statement of facts. As authorized by Rule 385, Texas Rules of Civil Procedure, the trial judge declined to make findings of fact or conclusions of law.

Appellant's points of error are:

1. The trial court abused its discretion by granting a temporary injunction ousting the defendant from land upon which he had enjoyed actual and peaceful possession for many years.

2. The trial court erred in failing to find that the defendant had at all times material to this suit been in actual peaceful possession of the property in question.

3. The trial court erred in disturbing the status quo of the parties pending trial on the merits in transferring possession of the property to appellees by ousting appellant and putting appellees in possession.

It is appellant's position that the record shows without contradiction that he enjoyed actual and peaceful possession of the property in question at all times material to this suit—from as far back as 1957 until the granting of the temporary injunction.

Our review of the granting of the temporary injunction is limited. We are not to reverse the action of the trial court unless we are convinced that it represents a clear abuse of discretion. Since the only relief sought on the final trial is injunctive, the applicant must show a probable right on final hearing to a permanent injunction. Sun Oil Co. v. Whitaker, 424 S.W.2d 216 (Tex.Sup.1968).

Ownership of property prima facie rests with the one having possession, and where he is wrongfully deprived of his possession, a court of equity will, by writ of mandatory injunction, restore possession to status quo to prevent a wrongdoer from gaining advantage of his act. Houston Funeral Home v. Boe, 78 S.W.2d 1091 (Galveston Tex.Civ.App.1934, no writ), cited with approval in Perry v. Stringfellow, 134 Tex. 328, 134 S.W.2d 1031 (1940).

On appeal, the evidence must be construed as sustaining the action of the trial court in granting or refusing a temporary injunction unless such evidence was of the character to compel a contrary conclusion from that on which the trial court presumably acted. International Association of Machinists Lodge 1488 v. Downtown Employees Association, 204 S.W.2d 685 (Galveston Tex.Civ.App.1947, writ ref. n. r. e.).

Viewing the evidence from this standpoint we find that the trial court was not obliged to accept Pennington's testimony, corroborated in part by his witnesses, that he had exclusive, peaceful possession of the tract, by keeping either his own or his tenants' cattle on the land, from 1957 until he moved his house trailer on the land in April of 1969. The court could

have concluded from the testimony of the former owner of the tract, J. R. Tucker, that from 1956 to 1959 there were no cattle on it except possibly an occasional stray. He testified that he was on the tract many times by foot, he had the grass on it cut many times and had sole possession of the tract during the time he owned it. That he buys and sells property in the area, has continued to watch the property since he sold it and that he has never noticed any continual grazing of cattle on it.

Norman Marshall testified that in the summer of 1966 Pennington made two men move their cattle off the land for failing to pay their rent and he (Marshall) then leased the land and put his cattle on it. That Pennington told him he should pay each month's rent at the end of the month because Pennington didn't want to have to refund any money to him in case the owners, whom he said lived in Dallas, came and he (Pennington) lost the land.

Marshall also testified that on September 30, 1968 he acknowledged in writing that he was a tenant at will of appellee Mrs. Caldwell, and just a few days later told Pennington that he was not going to pay him any more rent because he had signed a contract with the owners. That Pennington said he was going to take the land by taking title but never asked Marshall to move his cattle; they stayed on the land. That around the first of 1969, someone let the fence down and his livestock got out. Then Pennington put some horses on the tract. Three of Marshall's cattle were still on the land about April 1, 1969, but two days later he found they were out.

The deed from Tucker to Mr. and Mrs. Caldwell is in evidence. Mrs. Caldwell and her daughter are the appellees.

Pennington admitted that he had no deed to the tract and had not paid anyone any consideration for it. No one lived on the tract until Pennington moved his house trailer and family onto it in about April of 1969 by coming through the utility company's easement and its gate. He had no permission to do so. He said the company's locks were gone. The appellees filed this suit within a few weeks thereafter when they discovered what had occurred.

There was, of course, other testimony in support of Pennington's position. We review it briefly although we are required to resolve disputed fact questions and all reasonable inferences therefrom in the light most favorable to the trial court's order. Pennington testified that he has been in continuous possession of the tract since 1957, and in support of this related:

"I have used it. I have cut hay off of it. I have farmed some of it. I have run cattle on it."

He said he had had livestock on the tract since 1957 and had kept the fences up.

A Mr. Nichols testified that in about 1958 he sold about thirty head of cattle to Pennington and had kept a mortgage on them until payment was completed two or three years later. That he checked on the cattle during that period and that they were on the tract in question every time he had occasion to notice.

A Mr. Golden testified that he had worked cattle for Pennington on the tract and that for as long as he could remember Pennington has had possession of it. He found the fences in good condition. He testified that he saw Marshall give Pennington a check for the lease on the tract. When asked if he had ever seen Pennington cultivate any part of the tract, he replied that at the time he saw it done, the crop was rye grass. That when he has seen the fences they were sufficient to turn cattle.

Mr. Womack, a witness called by the appellees, testified that he knew that appellees' attorney wrote a letter to Pennington in 1968.

We hold that under the test noticed above the trial court was entitled to conclude from the testimony of Marshall that the appellees assumed peaceable possession

of the tract a few days after September 30, 1968 when Marshall put Pennington on actual notice of the termination of their grazing lease and of Marshall's attornment to the appellees.

"It is the settled law in this state that a tenant cannot dispute the title of his landlord by setting up a title either in himself or in a third person during the existence of his tenancy until such notice of a termination thereof is given to the landlord as amounts to an actual disseizin. Limitation upon an adverse possession in a case of this kind begins to run from the time of such notice of a termination of tenancy." Vasquez v. Meaders, 156 Tex. 28, 291 S.W.2d 926 (1956), citing Mauritz v. Thatcher, 140 S.W.2d 303 (Galveston Tex.Civ.App.1940, writ ref.).

The trial court was thus entitled to conclude that for *at least* the period beginning a few days after September 30, 1968 and lasting until around the first of 1969 or later, the appellees were in peaceful, exclusive possession of the tract through Marshall, and that such possession was the last prior peaceable, exclusive possession of it before Pennington came through the utility company's gate (with its missing locks) and moved his family and trailer house onto it.

As stated in Owens v. Texaco, Inc., 368 S.W.2d 780 (Beaumont Tex.Civ.App.1963, no writ): "It is the settled law of this state that the last prior peaceable, exclusive possession of land will be upheld by the court so that the status quo may be protected until trial on the merits." Citing Hodges v. Christmas, Tex.Civ.App., 212 S.W. 825, Houston Funeral Home v. Boe, supra, and cases there cited.

The trial court was further entitled to conclude from the evidence that Pennington did not have such prior peaceable possession as to give rise to a presumption that he was the rightful owner of the tract.

One who would challenge the possessor's right should carry the burden of proving his ownership to the land, and he cannot, by stealth, fraud, force or wrongdoing, take possession of premises in the actual peaceable possession of another in order to force the other to carry the burden as plaintiff in an action of trespass to try title. Owens v. Texaco, Inc., supra.

The order of the trial court is affirmed.