**Walter M. MISCHER et al., Appellants,**

**v.**

**C. M. FROST, Appellee.**

**No. 15602.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1970.

Rehearing Denied March 26, 1970.

Fulbright, Crooker, Freeman, Bates & Jaworski, M. W. Parse, Jr., Fred M. Lange, Houston, for appellants.

I. M. Wilford, Houston, for appellee.

PEDEN, Justice.

Suit to enjoin owner of neighboring land from cutting and removing boundary line fence. The defendant excepted to the plaintiffs' petition, alleging that it was insufficient in law in that it required the determination of the fee title to land and such determination cannot be made by a

Texas court where, as here, the petition contained no count in trespass to try title to the land which was the subject of the suit.

The trial court sustained that special exception. The plaintiffs have perfected this appeal from the judgment of dismissal entered when they declined to amend their petition to add a count in trespass to try title.

The plaintiffs' petition alleged that Southern Investors Construction Co., Inc. owns and has record title to a certain 10.-928 acre tract of land and that Charles O. Peck, Trustee, owns and has record title to a certain adjoining 9.347 acre tract of land. That the tracts were under common fence, were under lease to Walter M. Mischer until September 21, 1969, that said owners were in actual peaceable possession of them through Mr. Mischer's use for the grazing of cattle and on that date C. M. Frost by his agents cut and removed the plaintiffs' fence along their north boundary line without their consent, releasing the cattle it had contained.

Plaintiffs' petition then alleged that they had the last peaceable possession of the properties and had been using them for grazing cattle for three months before September 21, 1969, when the status quo was disturbed by force as defendant cut and destroyed their fence without notice or the benefit of any judicial proceedings and in violation of Articles 1352, 1353 and 1354 of the Vernon's Ann.Texas Penal Code.

Plaintiffs' petition alleged, in the alternative, that " * * * they and their predecessors in title had the last, peaceable possession of the premises involved herein in that the fence line which defendant destroyed on September 21, 1969 had been recognized as the southern boundary of defendant's property for more than 20 years. With the consent and acquiescence of E. M. Bennett, plaintiffs' predecessor in title, a fence was constructed by C. M. Frost in 1941 which represented the boundary line fence between properties owned and claimed by Frost, and those owned and claimed by Bennett. Said boundary line fence was located along the South line of the J. M. Swisher Survey, Abstract 1220, and the North line of the J. M. Swisher Survey, Abstract 1279, in accordance with various instruments of title to Frost and Bennett. Between 1941 and 1955, a period of some fifteen years, Bennett occupied the lands above described pasturing, cultivating and using same as part of his dairy farm. In 1955, Bennett sold the tracts together with other lands adjacent thereto to J. C. Hamblett who thereafter conveyed to Southern Investors. The same fence line representing Frost's South line and Bennett's North line continued to be recognized by Frost and Bennett's grantees as the boundary line for a period of another six years (for a total of approximately 20 years) until the early 1960's when Frost by force and in violation of Articles 1352, 1353 and 1354 of the [Vernon's Ann.] Texas Penal Code and without title or color of title and without instituting any character of judicial proceeding, cut, destroyed and removed the long-recognized boundary fence and rebuilt this boundary line fence some 600 feet farther south on plaintiffs' said property. Despite this unlawful intrusion, plaintiffs continued to pay taxes on the lands above described, and claimed the same. On June 26, 1969, plaintiffs reestablished the fence along the long-recognized boundary line and again began using the same for grazing and the pasturage of cattle. Some three months later, as hereinabove alleged, Frost again by force and in violation of the aforesaid provisions of the Penal Code and without instituting any character of judicial proceeding, cut, destroyed and removed the boundary line fence and released the cattle which had been confined thereby."

Plaintiffs' prayer asked that after a hearing they be granted a temporary injunction restraining the defendant from cutting, destroying and removing their fence and from interfering with their possession of the tracts in question. It also asked the court to require that possession of the tracts be

restored to them, that the temporary injunction remain in force until defendant by final judgment in an action in trespass to try title or other action shows a superior title to the premises, that on final hearing the temporary injunction be made permanent and asked for damages.

The plaintiffs, as appellants, urge two points of error:

Point 1. The trial court erred in holding, as a matter of law, that this injunction suit would require the determination of the fee title to land.

Point 2. The trial court erred in sustaining the appellee's special exception and dismissing this case on the ground that appellants' original petition contained no count in trespass to try title.

■ This case comes to us on the pleadings. The record contains no statement of facts and no exhibits. All of the allegations of the plaintiffs' petition are to be taken as true. We are concerned only with the narrow question of whether the plaintiffs have stated a cause of action. State v. Clark, 161 Tex. 10, 336 S.W.2d 612 (1960).

■ We sustain appellants' points of error. We are of the opinion that their petition puts the appellee on fair notice sufficient to support the introduction of evidence that the appellants had the last prior peaceable possession of the land in question and that the appellee was a trespasser without right. Under such pleadings they have stated a cause of action in seeking a temporary injunction despite the absence from their petition of a count in trespass to try title.

■ Although the petition does not specifically designate the appellee as a trespasser it charges a violation of the penal statutes involving wirecutting, and alleges his "unlawful intrusion" on the land. A trespasser on land is one who, not having title thereto, without consent of the true own-er, makes entry thereon. McDaniel Bros. v. Wilson, 70 S.W.2d 618 (Tex.Civ.App.1934, writ ref.).

In McMahon v. Fender, 350 S.W.2d 239 (Tex.Civ.App.1961, writ ref. n. r. e.), it was stated that "[t]he normal rule is that if the title to land is in dispute, the remedy to try title should ordinarily be resorted to, 24 A Tex.Jur., p. 61; and that title cannot be adjudicated by an injunction, but only in an action in trespass to try title." Citing Bruce v. Moore, 277 S.W.2d 199 (Tex. Civ.App.1955, no writ) and City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712 (1956).

The McMahon opinion then emphasizes, however, that the foregoing cases are applicable "where both parties admittedly own the fee to some land, and it is a disputed question as to whether the fee owned by the respective parties, in fact, covers the land sought to be included in the injunction." In McMahon, as in our case, the appellants' petition neither alleged nor admitted that as to the land in question the title is in dispute, while the plaintiff's petition in Bruce v. Moore, supra, alleged that the title to the strip of land in question was in dispute.

"It is the settled law of this state that the last prior peaceable, exclusive possession of land will be upheld by the court so that the status quo may be protected until trial on the merits." (citing cases) * * * It is presumed that one who has held prior peaceable possession for an extended time is the rightful owner of the premises and he who would challenge the possessor's right should carry the burden of proving his ownership to the land." Owens v. Texaco, Inc., 368 S.W.2d 780 (Tex.Civ.App.1963, no writ), citing cases.

In plaintiffs'-appellants' petition they allege, in the alternative, certain facts (as set out above) as to the use of the land in question by the parties at different times. We cannot say that the facts conceded to be true by those allegations foreclose, as a

matter of law, the appellants' right to seek injunctive relief without pleading a count in trespass to try title.

Reversed and remanded.