Alfred E. FANT et al., Appellants,

v.

Etheleen MASSIE et al., Appellees.

No. 11739.

Court of Civil Appeals of Texas, Austin.

March 4, 1970.

Rehearing Denied March 25, 1970.

tracts of land in which appellees claimed right of possession. Appellees alleged ownership of a tract of 39 acres and possession of 255 acres under a lease from the Secretary of the Army of the United States.

Appellants answered by general denial and other pleadings in particularity, and Alfred E. Fant, one of the appellants, sued by cross-action in the same answer claiming fee simple title to lands appearing to be the 39-acre tract.

The trial court in October, 1967, granted a temporary injunction restraining the appellants from trespassing on the two tracts of land and from removing fences and committing other acts on the lands.

The trial court also ordered "* * * that said temporary injunction shall remain in full force and effect until final judgment is entered in this cause."

In April, 1969, appellees filed motion for summary judgment and appellants filed timely reply. The trial court entered summary judgment September 23, 1969, from which this appeal was taken.

Appellants in their brief state, "The decretal portion of the summary judgment seems to omit material matters, granting only a summary judgment and taxing costs. Appellants consider and treat it in this condition as having the effect of granting the relief prayed for making the temporary injunction permanent."

The summary judgment recites that "* * * the Court having considered the pleadings, depositions and admissions on file, together with such affidavits, and finding that they show an absence of genuine issue of any material fact, and that this Summary Judgment should be rendered for Plaintiffs * * * who are entitled thereto as a matter of law * * * [and it is] ORDERED, ADJUDGED and DECREED that this Summary Judgment should be rendered for Plaintiffs, who are entitled thereto as a matter of law * * * [and] do have and recover of

J. W. Thomas, Jr., Temple, for appellants.

Taylor & Taylor, Henry Taylor, Temple, for appellees.

O'QUINN, Justice.

This appeal is from summary judgment granted by the district court on motion of appellees, who were plaintiffs below.

Appellees brought this lawsuit seeking to enjoin appellants from trespassing on two

and against the Defendants * * * all costs * * * for which let execution issue."

In their last filed amended petition appellees allege that "* * * a temporary injunction should be issued herein for the reasons stated, in order to protect the status quo of said property * * *"

Appellees prayed for a temporary injunction. The prayer concludes: "Plaintiffs further pray that said temporary injunction remain in full force and effect until final judgment is entered in this cause with reference to the property described in paragraph two as the property of Plaintiffs; and, that a temporary injunction issue as to the property described in paragraph thirteen, until the expiration period of said lease, which is December 31, 1967; for cost of Court and general relief."

The petition does not contain a prayer for permanent or perpetual injunction, and temporary injunction is the only relief specified.

■ If the trial court intended by the summary judgment to make permanent the temporary injunction, this action went further than the prayer contained in the petition and was error. Owens v. Texaco, Inc., 368 S.W.2d 780 (Tex.Civ.App., Beaumont, 1963, no writ). It is well settled that the pleadings and the prayer must state the particular form of injunction the court decrees, and the prayer must specify the type of judgment sought. Lowe and Archer, Remedies, sec. 335, p. 351; 31 Tex.Jr.2d, Injunctions, sec. 138, p. 252; and cases cited by these authorities.

This lawsuit is related to a cause considered by this Court in Fant v. Howell, 410 S.W.2d 294, writ dismissed, 1966. In that case Alfred E. Fant, one of the appellants in this case, sued Fred Howell and wife to enforce specific performance of a contract to convey land. Fant made the appellees in this case parties to that suit by bringing an action of trespass to try title against them. The trial court, on special exceptions filed by Massie and Curb, appellees in this case, dismissed as to them.

This Court observed in its opinion disposing of that case that "32.58 acres described in the contract has apparently been lost to the abovementioned third parties [appellees in this case] through adverse possession * * *. This acreage is the crux of this lawsuit." This Court reversed and remanded the cause.

This Court pointed out:

"Since appellant [Fant] is seeking specific performance of the contract, if the acreage allegedly held by adverse users has been lost, then this loss must be borne by appellant * * * if the acreage has not been lost to the adverse users, then appellees [the Howells] are in a position to convey that which they had originally contracted to do." 410 S.W.2d 298, col. 1. The record in the cause before us does not disclose that the case of Fant v. Howell has been disposed of finally.

The lawsuit now before us was brought by the appellees, Massie and Curb, to enjoin Alfred E. Fant, B. B. Fant, Jimmy Glover and Sammy McQueen from trespassing on two tracts of land. The larger tract was described as 255 acres leased from the Secretary of the Army in which only the right of possession was claimed. Appellees claimed ownership and possession of the smaller tract. The acreage involved by reason of that tract appears to consist of "39 acres now owned by * * * Massie and * * * Curb." The land is described as being "out of the J. L. Smith and William Leftwick Surveys" in Bell County.

All of the appellants filed an answer to the suit for injunction, and Alfred E. Fant as cross-plaintiff additionally sued appellees claiming title to an unspecified number of acres out of the "J. H. Huffman Survey, Abstract 410" in Bell County.

The record before us does not contain appellees' answer to the cross-action. By

affidavit, however, filed in connection with the motion for summary judgment, counsel for appellees states that Massie and Curb "filed their plea of 'not guilty' in response to the Cross-action * * *" in October, 1967, prior judgment of the trial court.

In the trial court appellees filed request for admissions addressed to the appellants. The fourth request called for an admission that Massie and Curb "were in possession of 39 acres of land in Bell County * * * out of the J. L. Smith and William Leftwick Surveys * * .*" In answering, Alfred E. Fant denied appellees' "claims of rights and ownership of the lands inquired about * * *"

Issue was joined between Alfred E. Fant and appellees as to title to the land Massie and Curb claimed to own. Facts material to the issue were in dispute between Fant and appellees. The judgment of the trial court, viewed as a grant of permanent injunction, if allowed to stand would in its practical application determine the title dispute. The injunctive decree may not be used to adjudicate title to land. Williamson v. Hall, 203 S.W.2d 265 (Tex. Civ.App., Amarillo, 1947, no writ); Bruce v. Moore, 277 S.W.2d 199 (Tex.Civ.App., Waco, 1955, no writ); West v. Culpepper, 159 S.W.2d 961 (Tex.Civ.App., San Antonio, 1942, no writ).

It is undisputed that at the time of filing their suit for injunction appellees were in possession of the land they claimed to own. Temporary injunction was a proper order by which the trial court proposed to maintain the status quo. The judgment of the trial court ought to be modified to reinstate the temporary injunction pending hearing on the merits.

Judgment of the trial court is so modified to reinstate the temporary injunction granted by the district court, the temporary injunction to remain in force until final judgment is entered, and the judgment in all other respects is reversed. The cause is

remanded to the trial court for final hearing on the merits in conformity with this opinion.

Judgment of the trial court modified to reinstate temporary injunction and in other respects reversed, and cause remanded.