**C. M. FROST, Petitioner,**

**v.**

**Walter M. MISCHER et al., Respondents.**

**No. B-2124.**

Supreme Court of Texas.

Jan. 13, 1971.

Rehearing Denied Feb. 24, 1971.

I. M. Wilford, Houston, for petitioner.

Fulbright, Crooker, Freeman, Bates & Jaworski, Fred M. Lange, William H. Young and M. W. Parse, Jr., Houston, for respondents.

POPE, Justice.

The question presented by this appeal is whether the title to land may be determined in an action which seeks only injunctive relief. Walter M. Mischer, Southern Investors Construction Co., Inc. and Charles O. Peck, trustee, asserting ownership of lands in Harris County, brought this suit which seeks only to enjoin C. M. Frost from interfering with their possession of land they claim to own. Frost in his original answer specially excepted to the plaintiffs' petition because it alleged an action which required the determination of fee title but contained no count in trespass to try title. The trial court sustained the exception and, after the plaintiffs refused to amend their petition, rendered judgment dismissing the suit. The court of civil appeals reversed the trial court's judgment and remanded the cause for trial. 451 S.W.2d 936. We reverse the judgment of the court of civil appeals and affirm the trial court's judgment dismissing the suit.

The facts which constitute plaintiffs' cause of action are asserted in their petition. Those allegations may be summarized in this manner: Southern Investors and Peck, trustee, are owners of two adjoining tracts which aggregate about twenty acres of land. These two tracts are under a common fence and are leased to Mischer for the pasturage of cattle. Frost is the owner of a tract of land immediately to the north of and adjoining the plain-

tiffs' tracts. In 1941, Frost, with the consent of Bennett, the plaintiffs' predecessor in title, erected a boundary line fence between the Frost property and the Bennett property. The 1941 fence was "located along the south line of the J. M. Swisher Survey, Abstract 1220, and the north line of the J. M. Swisher Survey, Abstract 1279, in accordance with various instruments of title to Frost and Bennett." This fence was intact when the plaintiffs acquired their property from Bennett in 1955, and that fence remained standing until early in 1960, when Frost cut and removed "the long-recognized boundary fence" and built a second boundary line fence some 600 feet south of the original fence line. Plaintiffs alleged that this act was in violation of Articles 1352, 1353, and 1354 of the Vernon's Ann.Texas Penal Code and was done without title or color of title. The act was further characterized as an "unlawful intrusion." On June 26, 1969, the plaintiffs, while leaving intact the 1960 fence erected by Frost, "reestablished" a new fence along the line of the 1941 fence. Three months later, Frost cut and removed the reestablished fence and that led to the filing of the cause before us. At the present time only Frost's 1960 fence is standing.

Plaintiffs sought nothing more than injunctive relief. The prayer in their petition was for a temporary injunction "restraining and enjoining [Frost] from cutting, destroying and removing plaintiffs' fence, from interfering with plaintiffs' possession of the properties above described, and to require that possession of the properties be restored to plaintiffs; that said temporary injunction remain in full force and effect until [Frost] by final judgment in an action in trespass to try title or other action commenced either as a cross action herein or an independent action, shows a superior title to the premises described," and that on final hearing this injunction should be made permanent.

The trial court, from its examination of plaintiffs' petition, concluded that plaintiffs were attempting to resolve a title dispute between two adjoining sets of landowners, but that the plaintiffs had failed to allege an action in trespass to try title. We agree that the petition asserts a boundary dispute in which the basic issue is the location of the true line between "the south line of the J. M. Swisher Survey, Abstract 1220 and the North line of the J. M. Swisher Survey, Abstract 1279, in accordance with various instruments of title to Frost and Bennett [plaintiffs' predecessor]."

This cause is not one in which injunctive relief is sought ancillary to a suit in trespass to try title or other action for the purpose of maintaining the status quo. See, Houston Oil Co. v. Village Mills Co., 109 Tex. 169, 202 S.W. 725 (1918); Taylor v. Gulf Oil Corp., 303 S.W.2d 541 (Tex. Civ.App.1957, no writ); Davis v. Gillen, 227 S.W.2d 834 (Tex.Civ.App.1949, writ ref. n.r.e.); Houston Funeral Home v. Boe, 78 S.W.2d 1091 (Tex.Civ.App.1934, no writ); Hodges v. Christmas, 212 S.W. 825 (Tex.Civ.App.1919, no writ); Simms v. Reisner, 134 S.W. 278 (Tex.Civ.App. 1911, no writ); Jeff Chaison Town-Site Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex.Civ.App. 611, 121 S.W. 716 (1909, no writ). In this case, if plaintiffs obtain all the relief they seek, an injunction would be issued permanently protecting their claim to the property south of the 1941 fence line. That relief could only be based upon the determination of the rightful ownership of property up to the fence line.

Article 7364, Vernon's Ann.Civ.St., states, in part, "The method of trying titles to lands, tenements or other real property shall be by action of trespass to try title." This court in City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712 (1956) considered and discussed the propriety of proceeding by suit for injunction instead of by trespass to try title when the issue of ownership is decisive. The court of civil appeals had reversed and remanded the cause because it involved a question of title

and held that title could not properly be adjudicated in an injunction suit. On this point this court said in Popplewell that the issue of ownership which includes boundary disputes between adjacent landowners could not be decided by a suit to enjoin the erection of a fence but should be adjudicated in a suit for trespass to try title. The court cited with approval, Bruce v. Moore, 277 S.W.2d 199 (Tex.Civ.App.1955, no writ); West v. Culpepper, 159 S.W.2d 961 (Tex.Civ.App.1942, no writ); and Walker v. Haley, 147 S.W. 360 (Tex.Civ.App.1912, writ dis.). Other cases which support the rule that a suit for injunction may not be substituted for an action in trespass to try title are Patten v. Quirl, 447 S.W.2d 470 (Tex.Civ.App.1969, writ ref. n.r.e.); City of Dallas v. Patti, 286 S.W.2d 664 (Tex.Civ.App.1956, writ ref. n.r.e.); Morgan v. Brannon, 95 S.W.2d 509 (Tex.Civ.App.1936, no writ); Lewis v. Hoerster, 92 S.W.2d 537 (Tex.Civ.App.1936, no writ); Rogers v. Day, 20 S.W.2d 104 (Tex.Civ.App.1929, writ dis.); and Hill v. Brown, 237 S.W. 252 (Tex.Com.App.1922, judgment adopted). See also, Fant v. Massie, 451 S.W.2d 774 (Tex.Civ.App.1970, writ ref. n.r.e.); 43 C.J.S. Injunctions §§ 54, 55, 56, 57; Lowe and Archer, Injunctions and Other Extraordinary Proceedings, Secs. 266, 290.

By the holdings and dicta in some cases, relief by way of injunction only may properly be sought against a naked trespasser who forcibly or fraudulently intrudes upon the lands of an owner in possession. Hastings Oil Co. v. Texas Co., 149 Tex. 416, 234 S.W.2d 389 (1950); Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411 (1961); McMahon v. Fender, 350 S.W.2d 239 (Tex.Civ.App.1961, writ ref. n.r.e.); Bruce v. Moore, 227 S.W.2d 199 (Tex.Civ.App.1955, no writ); Rogers v. Day, 19 S.W.2d 577 (Tex.Civ.App.1929, no writ); Schroeder v. Rosenbaum, 16 S.W.2d 328 (Tex.Civ.App.1929, no writ); Hansen v. Bacher, 295 S.W. 316 (Tex.Civ.App.1927, writ ref.); Bray v. Peters, 283 S.W. 591 (Tex.Civ.App.1926, writ ref.); Durham v. Houston Oil Co., 222 S.W. 161 (Tex.Com.App.1920, judgment adopted); Lowe and Archer, Injunctions and Other Extraordinary Proceedings, Sec. 290. The basis for such a rule is that a suit in trespass to try title is excused when the trial court is not faced with a case that requires a determination of the title issue. See, Ives v. Karnes, 452 S.W.2d 737 (Tex.Civ.App.1970, no writ). Applying that rule, the court held in McMahon v. Fender, supra, that an owner who held possession under a warranty deed could enjoin an intruder who was cutting timber when the intruder rested his claim upon quitclaim deeds only.

There are some cases which tend to confuse these rules because the parties did not urge or preserve an objection to the trial of title issue without resort to a trespass to try title action but apparently tried the title issue by consent. In Durham v. Houston Oil Co., supra, the dispute about the greater portion of the lands in question was determined by the court's holding that the intruder was a naked trespasser. A disputed claim of title to fifteen acres appears to have been decided in the same injunction suit, but the parties did not object to the trial of the title issue. The recent opinion in Pennington v. Caldwell, 449 S.W.2d 303 (Tex.Civ.App.1969, writ ref. n.r.e.) was also one in which title was litigated in an injunction suit. The opinion sets out in full the points which the ousted party presented to the court of civil appeals. He failed to preserve the point that the suit should have been one in trespass to try title. In the present case, the court of civil appeals cited and relied upon Owens v. Texaco, Inc., 368 S.W.2d 780 (Tex.Civ.App.1963, no writ). From the facts stated in the opinion, title was in issue in a boundary dispute, but the opinion shows that the defendant did not preserve the objection that title could not be resolved in a purely injunctive suit. Such cases are explainable on the grounds that the title issue was tried by consent. In a case in which the point is presented and preserved, those holdings would not be persuasive.

We hold that the plaintiffs' petition for temporary and permanent injunction shows that there is a dispute between two sets of claimants to the same lands and that a decree which grants or denies an injunction when title is at issue has the force of a judgment in trespass to try title. City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712 (1956); West v. Culpepper, 159 S.W.2d 961 (Tex.Civ.App.1942, no writ). The effect of our holding is not to deny plaintiffs in such situations relief by way of an injunction to preserve the status quo; its effect is to require plaintiffs to seek an injunction for that purpose as an incident to an appropriate action which will determine the title question upon which ultimately the injunction must rest.

The judgment of the court of civil appeals is reversed and the judgment of the trial court dismissing the cause is affirmed.

REAVLEY, J., dissenting.

DANIEL, J., not sitting.

REAVLEY, Justice (dissenting).

The question presented by this appeal is *not* whether title to land may be determined in an action which seeks only injunctive relief. The question is whether an injunction may be issued to protect only the peaceable possession of land apart from an action to determine title.

Plaintiffs Mischer et al. allege that they were in actual peaceable possession as owners of the land, grazing cattle, when defendant Frost cut their fence and turned out their cattle. They sought to enjoin the defendant from destroying their fence or interfering with their possession of the property until defendant "shows a superior title to the premises."

The trial court dismissed the suit on the strength of defendant's special exception to the effect that the plaintiffs' suit necessarily requires a determination of title, which in turn requires the trespass to try title form of action. This court now sustains the trial court in sustaining the special exception. I disagree.

We must judge the matter by the petition, and it says nothing about a title dispute between these parties. It does not seek an adjudication of title. It seeks only to protect peaceable possession. The only reason for this court saying that a determination of title is required is that we say so.

The opinion of the majority includes statements set forth in an alternative pleading by plaintiffs which suggest that it may have been the defendant who enjoyed nine years of peaceable possession while plaintiffs stand upon a mere three months occupancy. However, we should assume for present purposes that the primary allegations are correct and that plaintiffs were ousted from peaceable possession.

The difficulty is with prior statements that an injunction for possession of land may be granted in an independent action only against a trespasser. The plaintiffs here did not allege that defendant was a trespasser. However, equity should not be so restricted. The person in peaceable possession of land who is forcibly evicted by another should not be put to the choice of either exercising greater force to repossess the land or of taking the burden and expense of the plaintiff in a trespass to try title action. He should have access to the court to regain his possession. If the intruder has claim of title, it is he who should initiate the suit to adjudicate that title.

We place a heavy burden on the plaintiff in a title suit; ordinarily he must prove his title from the sovereign as against all others. It is strange that we should tell an ousted occupant of land that so long as a title controversy exists, he must seek his possession only in the course of—and as ancillary relief to—a trespass to try title suit. The issue in a trespass to try title suit is not which one of the contending parties has a better title; the

plaintiff may prove better title than the defendant and still lose his case. The prior peaceable possessor may own the better title, but if he cannot afford to assume the expense of bringing a trespass to try title action, which would usually far exceed the expense of an injunction suit to protect possession, or if he has an imperfection in his chain of title, possession is left to the stronger (or the meaner) of the contenders. With possession goes the benefit of use and, perhaps in five or ten years, final security under the statutes of limitation. So long as the court leaves the law to permit this state of affairs, we promote neither peace nor equity.