Juan S. AGUIRRE, Appellant,

v.

S. B. MAYFIELD, Appellee.

No. 7009.

Court of Civil Appeals of Texas, El Paso.

Decided Oct. 15, 1980.

Rehearing Denied Nov. 12, 1980.

Hallmark, Akard, Villa & Keith, P. C., Antonio Cortez, El Paso, for appellant.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice

Juan S. Aguirre appeals from an Order of Dismissal entered as the result of the trial Court sustaining a special exception to his pleading which he refused to amend. We affirm.

This suit is between adjoining landowners in Hudspeth County. For some period of time, there existed a fence which separated their ranches. Following some type of boundary survey, Mr. Mayfield, whose land was to the north of Mr. Aguirre's land, concluded that the boundary line was actually south of the existing fence line between their ranches, and he proceeded to construct a new fence which was south of the old fence and resulted in Mr. Mayfield taking possession of approximately 2,000 acres previously claimed by and under the possession of Mr. Aguirre.

Mr. Aguirre filed suit seeking a temporary restraining order, temporary injunction and permanent injunction so as to enjoin Mr. Mayfield from taking possession of land which Mr. Aguirre had previously possessed as a part of his ranch by reason of the old fence line. The trial court granted a temporary restraining order and then a temporary injunction, but upon further consideration set aside the previously granted temporary injunction and dissolved all prior orders. Upon appeal from that order, we affirmed in an earlier case.

After our decision, the trial Court sustained a special exception to the Plaintiff's petition, and dismissed the case when Appellant refused to amend. The exception asserted that, under the holding in *Frost v. Mischer*, 463 S.W.2d 166 (Tex.1971), the trial Court could not grant an injunction and thereby award possession of land to a party when there was no pleading asserting a cause of action in trespass to try title.

The Appellant's one Point of Error asserts that the District Court erred in holding that this case is governed by the decision in *Frost v. Mischer*. This contention cannot be sustained. The only relief sought in the Plaintiff's Original Petition is injunctive relief. In a memorandum filed with the trial Court in support of his claim for a temporary injunction, counsel for Mr. Aguirre asserts that this is not an action for trespass to try title. That memorandum says: "It is not Plaintiff's intention, as is clearly reflected in the petition, to seek an adjudication of all the disputes that may exist with respect to the accuracy or inaccuracy of boundaries surrounding his property." The net effect of the petition is to seek to obtain a permanent injunction so as to prevent a change in a supposed boundary line without having to litigate title in a boundary suit.

That is the very thing the Court refused to permit in *Frost v. Mischer*, supra. In that case, there was no trespass to try title action alleged. Only injunctive relief was sought. The Court in its opinion said:

> This cause is not one in which injunctive relief is sought ancillary to a suit in trespass to try title or other action for the purpose of maintaining the status quo. [Authorities cited]. In this case, if plaintiffs obtain all the relief they seek, an injunction would be issued permanently protecting their claim to the property south of the 1941 fence line.

Then, the Court concluded:

> We hold that the plaintiffs' petition for temporary and permanent injunction shows that there is a dispute between two sets of claimants to the same lands and that a decree which grants or denies an injunction when title is at issue has the force of a judgment in trespass to try title. *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712 (1956); *West v. Culpepper*, 159 S.W.2d 961 (Tex.Civ.App. 1942, no writ). The effect of our holding is not to deny plaintiffs in such situations relief by way of an injunction to preserve the status quo; its effect is to require

plaintiffs to seek an injunction for that purpose as an incident to an appropriate action which will determine the title question upon which ultimately the injunction must rest.

The Appellant's Point of Error is overruled. The Order of Dismissal is affirmed.