E. Wayne MOUNCE, Trustee, et al., Appellants,

v.

Herman BOSTICK et al., Appellees (two cases).

Nos. 7754, 7762.

Court of Civil Appeals of Texas, Beaumont.

Dec. 11, 1975.

Rehearing Denied Jan. 8, 1976 in No. 7762.

Richard R. Morrison, III, Liberty, for appellants.

J. C. Zbranek, Liberty, for appellees.

KEITH, Justice.

We review two separate appeals in this single opinion, and this brief statement will serve to identify the parties to the litigation.

E. Wayne Mounce, Trustee, and Williams Forest Products Corporation sought a temporary injunction to prevent Herman Bostick and W. C. Leasure from interfering with their use of a road and land adjacent thereto. This relief was denied and Mounce and Williams have perfected their appeal under our No. 7754. Shortly thereafter, Bostick and Leasure, as plaintiffs, sought a temporary injunction against Mounce and Williams to prevent their further use of the road and the land in question. The trial court granted their application for a temporary injunction, with Mounce and Williams perfecting their appeal under our No. 7762.

The dominant parties are Mounce and Leasure, and they will be designated by their respective surnames without any distinction being made as to their status in the litigation.

Mounce owns a seven hundred acre tract of land in the Thomas Newman Survey in Liberty County. Leasure began acquiring adjacent land as early as 1962 and by 1969 had acquired all of the property along the entire north, south, and west boundary lines of Mounce's land. In September 1969, Leasure acquired a strip of land two hundred feet wide lying adjacent to the entire east boundary line of Mounce's acreage.

Leasure was required, by the terms of the instrument in which he acquired the title to the strip of land, to construct an improved road thereon which would include a bridge over a flowing creek. The grantor in this deed agreed to fence the *west* line of the strip while Leasure was required to fence the *east* line thereof. Additionally, grantor reserved to itself "its agents, assigns, and employees" the right to use said road and "any connecting roads situated adjacent" to its property.

In 1974, Leasure's grantor of the 200-foot strip of land assigned to Mounce the right to use the road which had been built, at least partially, on the strip by Leasure. It appears from our confused record that this roadway was down the center of the strip with approximately seventy or eighty feet on each side of the strip being untouched by the road itself.

On June 2, 1975, Williams Forest Products Corporation, pursuant to a contract with Mounce, entered upon the roadway on the 200-foot strip, cut several trees (which it claimed were unmerchantable and of no value) between the roadway and Mounce's east line, and entered upon Mounce's land for the purpose of harvesting marketable timber thereon. Williams had been cautioned by counsel for Mounce to "enter the Newman [Mounce's land] from the East end and begin cutting with one saw *as a test of the validity of our easement.*" (emphasis supplied)

Bostick, Leasure's manager, discovered this covert operation about June 13 and ordered Williams and its employees to cease use of the land lying between Mounce's property and the road down the middle of the 200-foot strip. Mounce sought the temporary injunction to restrain further interference by Bostick and Leasure with the logging operations. This relief was denied.

However, after being denied the relief they sought in this suit, Mounce and Williams continued the logging operations and Leasure then sought and procured a temporary injunction to prevent further trespass upon his lands.

■ Both of Mounce's points of error have as a common ground the contention that the two orders entered by the trial court did not preserve the status quo pending a final trial upon the merits of the cause; thus the trial court abused its discretion in each instance. We disagree.

The rule governing our decision is that stated in *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962):

"In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. * * * Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion." (citations omitted)

■ In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on the merits. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). In the same case the Court continued:

"The 'status quo' to be preserved by temporary injunction is 'the last, actual, peaceable, noncontested status which preceded the pending controversy.'" (261 S.W.2d at 553–554)

See also, *6 Texas Practice, Remedies, Injunctions § 153, at 185–186 (2d ed. 1973)*.

It clearly appears that the last actual, peaceable, noncontested status preceding this controversy was that which existed before Mounce and Williams began their "one-saw" test of the validity of the assignment of the easement to Mounce. Mounce and Williams, by their unilateral act of entering upon the land lying between the roadway and Mounce's east line changed the peaceable status which had existed for several years.

■ The basic dispute between the parties is the nature and extent of the rights acquired by Mounce in his assignment of the right to use the roadway. But, Mounce sought no declaration of those rights and the only relief (other than a nominal $1,000 damage claim probably added for jurisdictional purposes) sought was injunctive relief. The recent opinion in *Frost v. Mischer*, 463 S.W.2d 166 (Tex.1971), is ad-verse to the Mounce contentions and is dispositive of the question.

■ It appears to be uncontradicted in our record that by virtue of the assignment from Leasure's grantor, Mounce had the right "to use said road and any *connecting* roads situated adjacent" to the property of the grantor. (emphasis supplied) From our review of the evidence, it also appears that there may be a "connecting" road adjacent to such property. Thus, the temporary injunction granted to Leasure is too broad in scope in that it would forbid Mounce the full enjoyment of his rights under said assignment.

It is clear from our record that the grantor of the 200-foot strip of land reserved the right for said grantor "its agents, assigns and employees to use the road upon said 200 foot strip and any *connecting roads situated*" adjacent to its property. This grantor then assigned to Mounce "the non-exclusive right to exercise all of the rights, privileges, uses and easement or easements reserved" by said grantor in said deed to the 200-foot strip of land.

From our review of the record, it also appears that there may be a "connecting road" adjacent to such property, although not at the place wherein Mounce entered upon his land.

Thus, the temporary injunction granted to Leasure forbidding any use of said road which would include access to "connecting roads" is too broad in scope in that it would forbid Mounce the full enjoyment of his rights under said assignment.

We modify the judgment in our Cause No. 7762 by adding to the first adjudicatory paragraph this language: "Provided, however, that the Cross-Defendants and Plaintiffs, E. Wayne Mounce, Williams Forest Products Corporation, C. E. Whitmire, their agents, servants and employees may use the road upon the said 200-foot strip of land and any connecting roads situated.adjacent to the property of the grantor of said strip of land."

The judgment of the trial court in our No. 7754 is affirmed; the judgment of the trial court in our No. 7762 is modified and, as modified, is affirmed.