**Herman BOSTICK et al., Appellants,**

v.

**E. Wayne MOUNCE, Trustee, et al., Appellees.**

**No. 7915.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 27, 1977.

---

1. The letter read "This is my acknowledgment to you that I am in possession of your land, and that I am holding it for you."

J. C. Zbranek, Liberty, Stanley C. Frank, Houston, for appellants.

Richard Morrison, Pickett & Pickett, Liberty, for appellees.

KEITH, Justice.

We write the second chapter in the continuing battle of E. Wayne Mounce to harvest the timber upon his 700-acre tract of land in Liberty County. He is opposed in his efforts by W. C. Leasure who has acquired all—or nearly all—of the lands surrounding that of Mounce. See our comments to be found in *Mounce v. Bostick,* 531 S.W.2d 887 (Tex.Civ.App.—Beaumont 1975). Leasure sought review of our decision but his application (in our No. 7762) modifying the temporary injunction was refused, no reversible error.

Leasure now contends that immediately after we entered our earlier order modifying the temporary injunction which he had obtained, Mounce entered upon the strip "for the purpose of 'finding' the 'connecting road' that this Court [had] mentioned." Leasure's counsel continues: "As might be suspected, they 'found' such a road with the aid of machetes, axes and vehicles. They then brought surveyors to stake such 'road'."

Leasure then filed amended pleadings in the original injunction suit brought against him by Mounce (our No. 7754) seeking an injunction against Mounce from further use of the land lying to the west of the 200-foot strip, contending, in essence, that there was no adjacent road there.

In the meanwhile, Leasure had placed a small drain pipe across the flowing creek mentioned in our earlier opinion (531 S.W.2d at 888); and, as might have been expected, the rains washed it out leaving the road down the strip impassable. Mounce then constructed a low-water crossing over the creek but it was ripped out by Leasure's men using bulldozers and other heavy equipment.

After a lengthy hearing at which many witnesses testified, the trial judge denied Leasure's plea for affirmative relief and granted that sought by Mounce in his cross-action. The court found that there was a bona fide dispute as to the existence "of a connecting road situated adjacent to and west of the road on the two-hundred foot (200') strip of land" and the court "expressly does not find that an adjacent connecting road either does or does not exist at said location."

In our earlier opinion, we had occasion to call attention to the case of *Frost v. Mischer,* 463 S.W.2d 166 (Tex.1971), forbidding the litigation of title to land in injunction suits. Yet, in this second appeal, each party has carefully refrained from placing his title in issue.

We neglected to mention, in our earlier opinion, another important rule governing appellate review of orders granting or refusing temporary injunctions stated by the late Justice Norvell in *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421–422 (1959), from which we take this quotation:

"Deliberate action is essential for the accurate determination of legal rights and upon occasion this can be secured only by issuing a temporary decree protecting a status quo. Ordinarily, the hearing upon the temporary injunction is not a substitute for, nor does it serve the same purpose as the hearing on the merits. Generally the most expeditious way of obviating the hardship and discomfiture of an unfavorable preliminary order is to try the case on its merits and thus secure a

**394**

hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies."

See also, *Briscoe Ranches, Inc. v. Eagle Pass Ind. Sch. Dist.,* 439 S.W.2d 118, 120 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). The observations in this section of the opinion apply with equal vigor to all parties in the suit.

We have reviewed the testimony offered by the parties upon the hearing below and do not find an abuse of discretion upon the part of the trial judge. We discussed in the prior opinion the authorities governing such review and do not find it either necessary or proper to repeat such discussion. Nor do we deem it necessary to discuss the doctrine of clean hands as applied to Leasure's destruction of the low-water bridge over the creek crossing the easement. Mounce had a lawful right to use such road—under the undisputed testimony—yet he could not use it after Leasure's pipe washed out. Wanton destruction of the low-water bridge constructed by Mounce does little to enhance Leasure's standing in a court of equity. See cases cited in *6 Texas Practice, Remedies, Injunctions, § 117, pp. 164–165 (2d Ed. 1973).*

Finding no abuse of discretion, the judgment of the trial court is affirmed.